Vernon D. **POWERS**

v.

**TROY MILLS, INC., Textile Workers Union of America, AFL–CIO and Local 1560 Textile Workers Union of America, AFL–CIO.**

**Civ. A. No. 2990.**

United States District Court
D. New Hampshire.
Oct. 6, 1969.

Peter S. Espiefs, Keene, N.H., for plaintiff.

Meyer Green, Green, Romprey, Sullivan & Beaumont, Manchester, N.H., for Textile Workers Union of America.

Meyer Green, Green, Romprey, Sullivan & Beaumont, Manchester, N.H., and

Harold B. Roitman, Boston, Mass., for Local 1560, Textile Workers Union.

## RULING AND ORDER ON MOTION TO DISMISS

BOWNES, District Judge.

Jurisdiction is claimed under section 301 of the Labor Management Relations Act of 1947, as amended. 29 U.S.C. § 185. The plaintiff alleges that on June 23, 1967, he was discharged without just cause by defendant Troy Mills, Inc.; and that the defendant Union, as exclusive bargaining agent under a collective bargaining agreement in effect at the time, refused, in conspiracy with defendant company, to properly and fairly represent plaintiff's interest as required by the grievance procedure of the contract.

The defendant Union moved to have the complaint dismissed on five grounds. Four of these grounds go to the question of jurisdiction and the fifth raises the issue of exhaustion of remedies.

The jurisdictional objections can be stated as follows: (1) that the complaint fails to allege a "specific breach of a labor contract" and thus fails to state a claim cognizable under section 301; (2) that the cause of action alleged by the plaintiff lies in tort rather than contract and is thus outside the scope of section 301; (3) that the alleged conduct of defendant Union amounts to an unfair labor practice which Congress intended to be covered by section 8 of the National Labor Relations Act [29 U.S.C. § 158], rather than section 301 of the Labor Management Relations Act [29 U.S.C. § 185]; and (4) that insofar as the plaintiff's cause of action lies in tort, rather than contract, the jurisdictional requirements for diversity of citizenship are not met.

■■ The Court will consider first the defendant Union's objection that the plaintiff's complaint fails to allege a "specific breach of a labor contract" and thus fails to state a claim cognizable under section 301. The cases cited by the defendant Union in support of its

argument that the plaintiff has failed in this respect are inapplicable. In one case, the contract had expired at the time the alleged cause of action arose, Baker v. Fleet Maintenance, Inc., 409 F.2d 551 (7th Cir. 1969). In another, Bowers v. Ulpiano Casal, Inc., 393 F.2d 421 (1st Cir. 1968), the First Circuit was dealing with defendant third-parties who were not "employers, unions, or *employees*" [Emphasis added.]; and not being parties to the contract could not be sued for violating it. Further, the Court finds no language in Vaca v. Sipes, 386 U.S. 171, 87 S.Ct. 903, 17 L.Ed.2d 842 (1967) to support defendant Union's position. In fact, the Court has been unable to find *any* cases which require the specificity which the defendant Union claims is necessary under section 301. Moreover, defendant Union's objection goes to procedure, rather than substance, and basically alleges that plaintiff has failed to meet the requirements of Rule 8(a) of the Federal Rules of Civil Procedure. This reliance on technicalities of pleading overlooks the judicial history of Rule 8, which requires the Court to interpret the pleadings so that common sense and the ends of justice are not circumvented. The Court, therefore, construes the complaint so as to do substantial justice in accord with Rule 8(f) of the Federal Rules of Civil Procedure, and rules that the complaint meets the requirements necessary to give the Court jurisdiction under section 301.

The Court further rules that, although the alleged violations of the contract by defendant Union may amount to an unfair labor practice within the jurisdiction of the NLRB, this Court still has concurrent jurisdiction under section 301. Smith v. Evening News Association, 371 U.S. 195, 197–201, 83 S.Ct. 267, 9 L.Ed.2d 246 (1962). See also Carey v. Westinghouse Corp., 375 U.S. 261, 268, 84 S.Ct. 401, 11 L.Ed.2d 320 (1963); Humphrey v. Moore, 375 U.S. 335, 344, 84 S.Ct. 363, 11 L.Ed.2d 370 (1963).

These rulings render immaterial the defendant Union's claim that this is a tort action and that the jurisdictional requirements of diversity of citizenship have not been met.

Finally, the defendant Union alleges that plaintiff is not entitled to relief in this court until he has exhausted his available remedies with the Union. The Supreme Court in Vaca v. Sipes, 386 U.S. 171, 186, 87 S.Ct. 903, 914, 17 L.Ed. 2d 842 (1967) stated:

> [W]e think the wrongfully discharged employee may bring an action against his employer [or Union] in the face of a defense based upon the failure to exhaust contractual remedies, provided the employee can prove that the union as bargaining agent breached its duty of fair representation in its handling of the employee's grievance. (Citations omitted.)

The futility of trying to exhaust any administrative remedies at the hands of the very Union the plaintiff complains has failed to properly and fairly represent him is obvious. This Court will not force the plaintiff to take such action.

The motion to dismiss is denied.

Defendants have twenty days from this date in which to answer plaintiff's interrogatories.

So ordered.