**Lindley Powers FOSBROKE, Plaintiff,**

v.

**EMERSON COLLEGE, Defendant.**

**Civ. A. No. 80–970–C.**

United States District Court,
D. Massachusetts.

Dec. 31, 1980.

Daniel A. Brewer, Grayer & Associates, Boston, Mass., for plaintiff.

Richard D. Wayne, Snyder, Tepper & Berlin, Boston, Mass., for defendant.

## MEMORANDUM

CAFFREY, Chief Judge.

This is a civil action brought by Lindley Powers Fosbroke against defendant Emerson College for breach of a collective bargaining agreement between the College and the Emerson Chapter of the American Association of University Professors ("Union"), of which plaintiff was a member at all times relevant to the complaint. The plaintiff claims that defendant refused to remit severance pay to plaintiff as provided for in the agreement, and she seeks damages with interest and costs. The case is before the Court on defendant's motion to dismiss for failure to join the Union as an indispensable party, Fed.R.Civ.P. 12(b)(7), and for failure to state a claim upon which relief can be granted, Fed.R.Civ.P. 12(b)(6). After briefing and oral arguments, I rule that defendant's motion should be denied.

 The gravamen of the complaint is the allegation that the defendant College breached the collective bargaining agreement. Since the agreement contains provisions which govern the manner in which contractual rights may be enforced, an individual employee is bound by those terms and must at least attempt to exhaust those exclusive grievance procedures before filing a claim in this Court. *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965); *Powers v. Troy Mills Inc.*, 303 F.Supp. 1377 (D.N.H.1969). The requirement of exhaustion is only excused if the employer's conduct amounted to a repudiation of the contractual procedures, or if the Union wrongfully refused to process the grievance. *Vaca v. Sipes*, 386 U.S. 171, 185, 87 S.Ct. 903, 914, 17 L.Ed.2d 842 (1966).

 In ruling on the motion to dismiss, this Court must consider only those facts and allegations set forth in the complaint, and must view them in a light most favorable to plaintiff. *Harper v. Cserr*, 544 F.2d 1121, 1122 (1st Cir. 1976). In addition to her allegations of breach of the collective bargaining agreement, plaintiff alleges in the alternative 1) that under the collective bargaining agreement only the Union and defendant College had the right to take grievances to arbitration, and the Union breached its duty of fair representation to plaintiff by failing to examine the merits of her claim; 2) that through correspondence and a meeting she exhausted remedies available to her under the agreement; 3) that she was excused from the exhaustion requirement because by its conduct, defendant repudiated the grievance procedures provided for in the agreement.

A complaint should only be dismissed if plaintiff is not entitled to relief under any set of facts she could prove. *Id.* This complaint alleges each of the necessary elements of a cause of action brought by an employee against an employer for breach of a collective bargaining agreement. See *Vaca v. Sipes, supra; Rivera v. NMU Pension & Welfare & Vacation Plan*, 288 F.Supp. 874 (E.D.La.1968). If proven, the facts alleged would constitute a basis for recovery against the defendant College, therefore the complaint should not be dismissed under Rule 12(b)(6).

 Although allegations of unfair representation by the Union are prerequisites to the employee's breach of contract action against the College, *Hayes v. New England Millwork*, 602 F.2d 15 (1st Cir. 1979), the Union is not an indispensable party to such a lawsuit. *Kaiser v. Local No. 83*, 577 F.2d 642 (9th Cir. 1978); *Sandobal v. Armour & Co.*, 429 F.2d 249 (8th Cir. 1970). The tests for an indispensable party are whether relief can be afforded to the plaintiff without the presence of the other party, and whether the case can be decided on its merits without prejudicing the other party or subjecting defendant to substantial risk of multiple lawsuits. Fed.R.Civ.P. 19. In this case, plaintiff seeks monetary damages from the College for her alleged wrongful discharge, and this relief can be granted without the presence of the Union.

 The employer's contractual duty is separate and distinct from the Union's statutory duty of fair representation. *Czosek v. O'Mara*, 397 U.S. 25, 90 S.Ct. 770, 25 L.Ed.2d 21 (1970). A judgment for the plaintiff therefore would not affect the

rights of the Union, nor subject the College to risk of further litigation. In *Vaca v. Sipes,* the Supreme Court held, "Though the Union has violated a statutory duty in failing to press the grievance, it is the employer's unrelated breach of contract which triggered the controversy and caused this portion of the employee's damages." 386 U.S. 171, 197, 87 S.Ct. 903, 920, 17 L.Ed.2d 842 (1966). The Court made it clear that the employer is solely liable for breach of contract damages, while the Union is solely liable for any increases in damages caused by its refusal to process the grievance. See *De Arroyo v. Sindicato de Trabajadores Packinghouse,* 425 F.2d 281 (1st Cir. 1970), *cert. denied,* 400 U.S. 877, 91 S.Ct. 117, 27 L.Ed.2d 114, rehearing denied 400 U.S. 953, 91 S.Ct. 232, 27 L.Ed.2d 260, 401 U.S. 926, 91 S.Ct. 863, 27 L.Ed.2d 831.

In a case such as this plaintiff could sue the employer or the Union alone, or join them in a suit against both. *NLRB v. Local 485, International Union of Electrical, Radio & Machine Workers,* 454 F.2d 17 (2d Cir. 1972). Plaintiff did not seek damages from the Union in this case, and if she did, the damage award would be apportioned accordingly. The possible need for such apportionment does not render the Union an indispensable party.

Order accordingly.