**Ralph BEDEL, Trustee, et al.,**
**Plaintiffs,**

v.

**Morley THOMPSON, et al., Defendants.**

**Civ. A. No. C–1–83–1990.**

United States District Court,
S.D. Ohio, W.D.

July 20, 1984.

Gene Mesh, Richard S. Wayne, Cincinnati, Ohio, for plaintiffs.

John C. Elam, Columbus, Ohio, John A. West, Lexington, Ky., R. Joseph Wessendarp, William R. Hardy, Cincinnati, Ohio, John F. McClatchey, Daniel W. Hammer, Cleveland, Ohio, Thomas E. Lodge, Columbus, Ohio, for defendants.

## MEMORANDUM AND ORDER

DAVID S. PORTER, Senior District Judge.

This case is before the Court on defendant Edward D. Jones & Co.'s motion to dismiss or, in the alternative, to stay (doc. 8), plaintiff's response (doc. 10) and Jones's reply (doc. 13). This defendant moves the Court to dismiss this action in lieu of the adversarial proceeding filed by the same plaintiffs in the bankruptcy court against the debtor D.H. Baldwin Co. In the alternative it is asked that this action be stayed pending the reorganization of D.H. Baldwin Co. already under way in the bankruptcy court.

Plaintiffs in this action allege violations of §§ 11, 12(2) and 15 of the 1933 Securities Act, 15 U.S.C. §§ 77k, 77o, 77l (2) in connection with the issuance of a registration statement and prospectus dated September 14, 1982 relating to the public offering of $100 million worth of D.H. Baldwin unsecured debt obligations or "debentures." It is alleged that the defendants herein knew, or should have known, that the information contained in the registration statement and prospectus was false, misleading, or both, and therefore that it violated federal securities laws.

The defendants in this action are four former Baldwin directors, Morley P. Thompson, R.S. Harrison, Gordon Adamson, and James E. Schwab; Peat, Marwick, Mitchell & Co., the public accounting firm employed by D.H. Baldwin; and Edward D. Jones & Co., the chief underwriter of the public offering here in question. The D.H. Baldwin Co. itself is not named as a defendant here, nor could it be. The company is now a debtor in the Bankruptcy Court for the Southern District of Ohio, Western Division, undergoing Chapter 11 reorganization. The reorganization prevents the filing of lawsuits against the debtor. 11 U.S.C. § 362(a). The absence of D.H. Baldwin from this suit forms the basis of the motion at bar.

### A. *Motion to Dismiss*

The moving defendant, Edward P. Jones & Co., first asks that this suit be dismissed. The substance of this argument is that without the presence of D.H. Baldwin Co., this action cannot be justly adjudicated. We disagree.

The thrust of defendant's argument is that D.H. Baldwin is an indispensable party under Rule 19, Fed.R.Civ.P. The rule provides:

(a) *Persons to be Joined if Feasible.* A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest

or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

(b) *Determination by Court Whenever Joinder not Feasible.* If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate remedy if the action is dismissed for nonjoinder.

▪ Hence, Rule 19 analysis is a two-step process. First, it must be determined if the absent party is a "person to be joined if feasible." If so, it then must be determined if "equity and good conscience" allow the action to proceed, or whether the absent party is indispensable thereby requiring dismissal. *See United States v. Masonry Contractors Ass'n of Memphis,* 497 F.2d 871, 875 (6th Cir.1974).

▪ The initial determination to be made here is whether or not D.H. Baldwin Co. is a "person to be joined if feasible." Jones first asserts that D.H. Baldwin must be joined since "complete relief cannot be accorded among those already parties." Defendants maintain that if they are found liable they will have to pursue claims for indemnity or contribution against D.H. Baldwin in the Bankruptcy Court. Thus, it is argued, full relief cannot be had by all parties here without the presence of D.H. Baldwin. This contention misunderstands both Rule 19 and the nature of an underwriter's liability under 15 U.S.C. § 77k(a), (f). The "complete relief" provision of Rule 19 relates to those persons already parties and does not concern any subsequent relief via contribution or indemnification for which the absent party might later be responsible. *See Morgan Guaranty Trust Co. of New York v. Martin,* 466 F.2d 593 (7th Cir.1972).

Therefore, in a case such as this, the "complete relief" requirement concerns the ability of the already included defendants to fully satisfy any judgment awarded to plaintiff. 15 U.S.C. § 77k(a), (f), under which this action is brought, provides for joint and several liability. Because there is several liability any monetary relief found due plaintiffs can be completely satisfied without the presence of any other defendant. Thus, D.H. Baldwin is not necessary for "complete relief," as contemplated by Rule 19.

The Advisory Committee Notes clearly state that "a tortfeasor with the usual joint-and-several liability is merely a permissive party to an action against another with like liability." Fed.R.Civ.P. Rule 19(a) Advisory Committee Notes. Particularly on point is the Sixth Circuit decision in *Lynch v. Johns-Manville Sales Corp.,* 710 F.2d 1194 (6th Cir.1983). In that asbestos case several defendants claimed that Johns-Manville, a debtor in bankruptcy and against whom the action was stayed, was an indispensable party under Rule 19. Noting the above quoted Advisory Committee Note, the Court stated "[i]t is beyond peradventure that joint tortfeasors are not indispensable parties in the federal forum." *Id.* at 1198. Therefore, in light of the joint and several liability under § 77k, it follows

that complete relief can in fact be granted without the presence of D.H. Baldwin Co.

■ Defendant also maintains that D.H. Baldwin is a "person to be joined if feasible" under subpart (a)(2) of Rule 19 in that the absence of the Company will lead to a substantial risk of the defendant Jones & Co. being subject to inconsistent obligations. Specifically, Jones contends that if it is found liable here and subsequently brings an adversary proceeding against D.H. Baldwin for indemnification or contribution in the Bankruptcy Court, the debtor, not being a party here, will not be bound by principles of *res judicata*. The argument continues that if the bankruptcy court were to find no liability on the part of Baldwin, defendant Jones & Co. would be victimized by two inconsistent judgments, thereby owing plaintiffs in this action damages while having no enforceable right of contribution or indemnification against D.H. Baldwin.

While having some surface appeal, this argument misstates the actual effect of the two hypothetical judgments. A finding of liability in this action coupled with a determination by the Bankruptcy Court of no entitlement to contribution or indemnification would subject defendant Jones & Co. to but one judgment "obligation." Obviously defendant would be obliged to pay any judgment rendered against it in this action. However, a determination in the Bankruptcy Court of no liability on the part of D.H. Baldwin would impose no "obligation" on the defendant, but rather would be an adjudication concerning the obligations of D.H. Baldwin. Even though the results of the above scenario may be, to a certain extent, logically inconsistent, Rule 19 does not speak of inconsistent "results." Rather, it speaks in terms of inconsistent "obligations." As pointed out, defendant's scenario does not result in subjecting the defendant to inconsistent obligations, but instead imposes the consequences of incon-

sistent results. *See* 3A Moore's *Federal Practice and Procedure*, 1907–1[2–2].

That the inquiry in these situations is directed to inconsistent obligations and not inconsistent results is due to the nature of joint and several liability. A plaintiff is under no requirement to join all parties who might be jointly and severally liable. *See Delano v. Ives*, 40 F.Supp. 672 (E.D.Pa. 1941); *Satink v. Holland Township*, 31 F.Supp. 229 (D.N.J.1940). Thus, anytime a plaintiff does not join all possible defendants alleged to be jointly and severally liable, those parties who are joined suffer the risk of an inconsistent judgment result in a subsequent action for contribution or indemnification. Such is the nature of joint and several liability and such is the case here. Hence, "to dismiss the action on the ground that [D.H. Baldwin] is indispensable would ... deny a principal aspect of several liability." *Field v. Volkswagenwerk Co.*, 626 F.2d 293, 301 (3d Cir.1980), *quoting* 3A Moore's *Federal Practice and Procedure*, 19.071[2–2] at 149 n. 45.

■ Defendants' apprehension about defending this action without the presence of the Company whose securities were marketed is understandable. Admittedly it is within the realm of possibility that they could suffer the consequences of logically inconsistent judgments.[1] The burden of this possibility cannot, however, operate to deprive plaintiffs of their day in court. Hence D.H. Baldwin cannot be considered a "person to be joined if feasible" under Rule 19(c). Thus defendant's motion to dismiss must be denied.

### B. *Motion to Stay*

We now turn our attention to that portion of Jones's motion which asks that proceedings against them be stayed pending resolution of the Chapter 11 proceedings. We have recently examined the principles relevant to such motions in an unpublished order in *Stoller v. Baldwin-United Corpo-*

---

1. Although we express no opinion on the correctness of the decision, we do note that it has been held that when separate actions are prosecuted involving the same registration statement,

the right of contribution gives *stare decisis* effect to the first judgment rendered. *See In re Gap Stores Securities Litigation,* 79 F.R.D. 283 (N.D. Cal.1978).

*ration,* 41 B.R. 884 (S.D.Ohio 1984). In that case, we determined that of the three bases advanced by non-debtor codefendants of Chapter 11 debtors for staying the proceedings against them—11 U.S.C. § 362(a), Rule 19, Fed.R.Civ.P., and the Court's inherent powers of docket control—the first two were unavailable under the circumstances presented in that case. As to the automatic stay provision, 11 U.S.C. § 362(a), we determined that *Lynch v. Johns-Manville Sales Corporation,* 710 F.2d 1194 (6th Cir.1983) constituted mandatory authority for the proposition that the automatic stay may accrue to the benefit of none but the debtors. For largely the same reasons discussed in the opening pages of this memorandum, we determined that Rule 19 did not compel a stay, even if it authorizes it.

We did, however, stay the proceedings in the *Stroller* litigation until December 31, 1984. The stay was "explicitly [made] ... in exercise of 'the power to stay proceedings which is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Id.,* at 892, *quoting Landis v. North American Co.,* 299 U.S. 248, 254, 57 S.Ct. 163, 165, 81 L.Ed. 153 (1936).

While at first blush, this case might appear to be similar enough to *Stoller* that the two would rise and fall together, we have concluded that while the defendants in that case met their burden of persuading the Court that a limited stay was appropriate therein, Jones had not met that burden in this case. In order to explain this determination, we examine that burden, as well as the rationale behind the *Stoller* determination.

■ Under *Landis,* a party seeking to stay proceedings against it carries the burden of establishing "a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which [it prays] will work damage to someone else." *Landis,* 299 U.S. at 255, 57 S.Ct. at 166. We think that *Lynch,* 710 F.2d at 1199, makes equally

clear that, as it was put in *Stoller,* "the rights of plaintiffs are quite important in making stay determinations, a rule wholly consistent with the 'clear case of hardship or inequity' test set forth in *Landis,* 299 U.S. at 255 [57 S.Ct. at 166]." *Stoller,* at 889. In short, the burden is on the pleader to make out a clear and convincing case for the proposition that its rights should take precedence over the rights of the opposing party to a timely disposition of the cause.

Given these constraints, the decision in *Stoller* was reached only upon a determination that "the efforts of the bankruptcy court and the rights of the creditors ... will suffer" absent a limited stay, *id.* at 892, coupled with a determination that plaintiffs would not be unduly prejudiced by a six-month stay. *Id.* Two factors were relevant to the finding that the bankruptcy proceeding would be unduly hampered. First, that the claims against the solvent codefendants were, as plaintiffs conceded in the bankruptcy court, "inextricably interwoven" with the claims against Baldwin itself, *Id.* at 891. Second, that several of the defendants were quite actively involved in the formulation of a plan of reorganization, and that it was appropriate under all the circumstances to permit their attention to focus on that problem for a short time. There were additional factors, too; the possibility that the examiner's efforts to discover fraud in Baldwin's conduct would materially advance plaintiffs' case, that independent reorganization proceedings involving certain of the defendants would be completed or nearly completed by the end of the stay period; and that the Court itself was faced with an avalanche of filings to contend with during the stay period.

Those factors are not compelling here. First, the principal issue as to this defendant will be whether or not its own conduct materially contributed to the plaintiffs' alleged injuries. We believe, at this juncture, that it is likely that much of the evidence necessary for such a determination will be found in the files of this defendant, as opposed to those of the debtors. We do not doubt that discovery against

D.H. Baldwin will, at some point, become necessary; however, it seems to us that much can be done herein before such discovery becomes imperative, if in fact it does. Thus, there is no compelling demonstration that the claims against Jones are intertwined with claims against Baldwin to the same extent as in *Stoller*.

Second it has not been suggested that Jones is in any way connected with the reorganization effort; nor are any present Baldwin directors or officers involved in this litigation.

Third, while the examiner's efforts on behalf of the bankruptcy court may bear some relevance herein, it is again noteworthy that the allegations here are of misconduct on the part of this defendant, and the examiner's investigation does not appear to bear so heavily upon this case as upon the issues in *Stoller*.

. Fourth, no issues pertaining to state reorganization proceedings involving codefendants are present in this case, as they were in *Stoller*.

We therefore conclude that no "clear case of hardship or inequity" has been shown to be the probable result of the continuation of this case, *Landis*, 299 U.S. at 255, 57 S.Ct. at 166, and so we deny the motion to stay. Such denial is without prejudice; however, any future efforts to obtain a stay will be predicated by a brief motion seeking leave to file a motion to stay. We reiterate that a stay would be appropriate only in the event that it becomes apparent that the continuation of this litigation will either severely prejudice the defendant or will significantly affect the reorganization proceedings.

### C. *Show-Cause Order*

All defendants other than Edward Jones have filed "notices of stayed status," apparently believing that this case is stayed by virtue of a stipulated pretrial order filed in *Stoller* providing that "[t]his Order shall apply to each action against Defendants, which asserts claims the same or similar to those asserted herein, filed in this District," and such actions "shall be stayed, pending the timely filing of an Application for Relief from this Order." *Stoller*, C–1–82–1438 (Order dated February 23, 1983 at 8). Plaintiffs assert in their response to Jones's motion to dismiss or to stay that those unilateral statements of stayed status are meritless in that this action is not sufficiently similar to *Stoller* to bring it within the intention of the February 23, 1983 order. Treating that aspect of plaintiffs' response as a motion for relief from the stay order to show cause why defendants should not be required to answer or otherwise plead to the complaint herein, such motion is hereby granted *ex parte*. All defendants other than Edward Jones & Co. have thirty days from the effective date of this Order to show cause why this action should be stayed under the terms of the February, 1983 stipulated order. Such filings will be governed by the Rules of this Court.

### ORDER

Defendant Edward Jones & Company's motion to dismiss or to stay is denied in all respects. All other defendants will file brief memoranda as to why they should not be required to answer or otherwise plead herein within 30 days of this order, and plaintiffs will have an opportunity to respond.

SO ORDERED.