**BANK OF KEYSTONE, Plaintiff,**

v.

**Gail WAGENSEN, Trustee of the Wymont and Mineral Trust, Defendant.**

**No. 93–CV–1048–B.**

United States District Court, D. Wyoming.

Jan. 14, 1994.

Paul J. Drew, Gillette, WY, for plaintiff.

Donald R. Winship, Casper, WY, for defendant.

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS

BRIMMER, District Judge.

The above-entitled matter having come before the Court upon the defendant's Motion to Dismiss, and the plaintiff's opposition thereto, and the Court having reviewed the materials on file herein, having heard argument from the parties, and being fully advised in the premises, FINDS and ORDERS as follows:

#### Background

This is a replevin action wherein the plaintiff, Bank of Keystone ("Keystone"), claims that it is entitled to possession of 79 head of cattle currently in Wyoming in the possession of the defendant by virtue of a security interest that it has in the cattle. Keystone's claim is based on a security agreement which was executed by Richard Buffington and his wife. That agreement pledged, *inter alia,* their cattle as security on a note executed in favor of Keystone.

Several parties have asserted ownership of some of the cattle possessed by the defendant in this case. Keystone has initiated actions in the Nebraska state courts against Mr. and Mrs. Trammel, residents of the State of Texas, Dick Buffington, a resident of the State of Nebraska, and Milton J. Olsen, a resident of the State of Montana, concerning the ownership of the cattle in question. In addition, Mary G. Peterson also claims an interest in the cattle that are the subject of Keystone's complaint.

The defendant argues that because there is some dispute as to the ownership of these cattle, the instant suit for replevin cannot be maintained unless all parties who claim an interest in the cattle are included. The defendant contends that all of the parties mentioned above are necessary parties under Rule 19 of the Federal Rules of Civil Procedure, and therefore, must be joined in this suit. The defendant points out, however, that the joinder of Mr. Buffington as a defendant will destroy the complete diversity of citizenship of the parties, and this Court will no longer have jurisdiction.[1] Thus, the defendant has made a motion to dismiss this case for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(7).

### Discussion

The only issue in this case is whether the Trammels, Dick Buffington, Milton Olsen, and Mary Peterson are necessary parties to this lawsuit under Fed.R.Civ.P. 19. In order to answer this question, a review of Rule 19 is necessary.

### A. Rule 19 of the Federal Rules of Civil Procedure

■ Rule 19 of the Federal Rules of Civil Procedure provides for compulsory joinder of parties under certain circumstances.[2] Compulsory joinder is an exception to the common practice of allowing the plaintiff to decide who should be parties to a lawsuit. Under Rule 19, the court may compromise the plaintiff's choice of parties when significant countervailing considerations make joinder of absentee parties necessary. These considerations include: the interests of the present defendant, the interests of potential but absent plaintiffs and defendants, and the interest of orderly and expeditious administration of justice. See 7 Charles A. Wright, et al., Federal Practice and Procedure § 1602 (2d ed. 1986) (citations omitted).

■ The question of joinder in diversity cases is a question of federal law. *Provident Tradesmens Bank and Trust Co. v. Patterson*, 390 U.S. 102, 125 n. 22, 88 S.Ct. 733, 746 n. 22, 19 L.Ed.2d 936 (1968). Rule 19(a) sets forth standards which identify those persons who should be joined as parties to the action. Rule 19(a) states that a party should be joined if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. . . .

Fed.R.Civ.P. 19(a). Once a court determines that a party should be joined under Rule 19(a), the rule provides that "the court shall order that he be made a party." *Id.*

■ Difficulties arise, however, when the absent party cannot be effectively joined because he is not subject to service of process or because his joinder would deprive the court of subject matter jurisdiction. When joinder of a party described in Rule 19(a) is not feasible, the court must then examine the factors described in Rule 19(b) to determine "whether in equity and good conscience" the action may go forward in the party's absence or whether it must be dismissed. If the court decides that the action must be dismissed, the absent party is regarded as "indispensable." In determining whether a particular party is indispensable, Rule 19(b) directs the court to consider:

> first, [the] extent [to which] a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by

---

1. The plaintiff, Keystone, is a Nebraska corporation whose principal place of business is in Nebraska. Thus, joining Dick Buffington, a Nebraska citizen, as a defendant, would destroy the diversity of citizenship requirement of 28 U.S.C. § 1332, upon which this Court's jurisdiction in this case is premised.

2. Compulsory joinder should be distinguished from permissive joinder, which is governed by the much broader "transaction or occurrence" test prescribed by Fed.R.Civ.P. 20.

protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; [and] fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed.R.Civ.P. 19(b). If the court concludes, after its analysis that the absent party is indispensable, then the court must dismiss the action under Rule 12(b)(7).

### B. Application to the Case at Bar

■ The first question the Court must address is whether the absent parties to this case are parties that should be joined under Rule 19(a). The defendant argues that the determination of possessory rights in the cows requires inquiry into the ownership of the cows and, because the absent parties described above claim to have ownership interests in the cows, they should be joined.

Under Rule 19(a)(1), a party should be joined if, in that person's absence, complete relief cannot be accorded among those already parties. In this case, the plaintiff seeks possession of the cattle. This relief can be granted without the addition of any other parties. The determination of possessory rights between the plaintiff and the defendant does not require the addition of any other parties. Moreover, other cases have held that, in a replevin action, "one who claims title to, or the right to possession of, the property adversely to the plaintiff is not a necessary party defendant who must be joined along with the person in possession." *See* 66 Am.Jur.2d, Replevin § 59, at 872 (1973) (citing cases). Thus, the Court holds that the absent parties to this case do not need to be joined under the first prong of the 19(a) inquiry.

Rule 19(a) also provides that an absent party should be joined if the absent person's interest in the subject matter of the action "is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double,

multiple, or otherwise inconsistent obligations by reason of the claimed interest." Fed.R.Civ.P. 19(a)(2).

In this case, neither the grant nor the denial of possessory relief will affect the validity or the priority of others who have ownership interests in the cattle, nor will it affect their ability to protect these interests. The defendant argues, however, that the failure to join all parties in this suit will subject the absent parties to piecemeal litigation and the risk of inconsistent judicial determinations. The Court notes, however, that this is not a factor under Rule 19(a)(2)(ii). The rule specifically states that the appropriate inquiry is whether failure to join the absent parties will "leave any persons *already parties*" at risk of multiple or inconsistent obligations. The Court recognizes that the failure to join the absent parties will possibly result in the plaintiff being subjected to multiple lawsuits which the plaintiff itself has initiated against various parties who claim interest in the cattle in the Nebraska state courts. Without comment on whether, in the interest of judicial economy, the cases filed in Nebraska should be consolidated, the Court observes that these lawsuits do not subject the plaintiff, or any other party involved, to the possibility of "incurring double, multiple, or otherwise inconsistent obligations."

Therefore, the Court concludes that the defendant has not made a showing that the absent parties should be joined under Rule 19(a). Accordingly, the defendant's Rule 12(b)(7) motion to dismiss must be denied.

THEREFORE, IT IS

**ORDERED** that the defendant's motion to dismiss be, and the same hereby is, **DENIED.**