Clement CHAMPAGNE, et al., Plaintiffs,

v.

CITY OF KANSAS CITY,
KANSAS, Defendant.

No. 94–2168–JWL.

United States District Court,
D. Kansas.

July 12, 1994.

Gregory D. Kincaid, J. Lawrence Louk, Olathe, KS, for plaintiffs.

Daniel B. Denk, McAnany, Van Cleave & Phillips, P.A., Harold T. Walker, City of Kansas City, Kansas–Legal Dept., Kansas City, KS, for defendant.

## MEMORANDUM AND ORDER

LUNGSTRUM, District Judge.

This matter is currently before the court on the motion of defendant, Kansas City, Kansas (the "City"), to join necessary parties, or in the alternative, to dismiss (Doc. # 5). The plaintiffs are paramedics employed by the defendant and allege that defendant violated the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA"), by failing to pay overtime compensation as required by the act. For the reasons set forth below, defendant's motion to join necessary parties, or in the alternative, to dismiss, is denied.

The plaintiff paramedics have filed this action seeking a declaratory judgment and compensatory relief. They contend that the City has violated the FLSA by failing to pay plaintiffs overtime compensation for hours worked in excess of forty hours per week. A similar action was previously filed in this court against the City. *See Alexander v. Kansas City, Kansas,* No. 92–2379–JWL, 1993 WL 393013 (D.Kan. Sept. 23, 1993). Plaintiffs in that action, which ultimately ended in settlement, were various other paramedics employed by the City who alleged the identical violations and sought similar relief. The City, here, urges the court to join four paramedics, Barbara Cleverdon, Dennis Grabmiller, Joanie Meyers and Michael Weckwerth, as necessary parties. These paramedics were not parties to the previous settlement, nor have they attempted to join in this action. Defendant contends compulsory joinder is necessary to finally determine the entire controversy before the court and to do "complete justice by adjusting all the rights involved."

Compulsory joinder is an exception to the common practice of allowing the plaintiff to decide who should be parties to a lawsuit. *Bank of Keystone v. Wagensen,* 152 F.R.D. 644, 646 (D.Wyo.1994). Courts are permitted to alter plaintiff's choice of parties when significant countervailing considerations make joinder of absentee parties necessary. *Id.;* Fed.R.Civ.P. 19. The court must consider whether the interests of the present defendant, the interests of potential but absent plaintiffs, and the interest of orderly and expeditious administration of justice require joinder. *See id.* (citing 7 Charles A. Wright, et al., Federal Practice and Procedure § 1602 (2d ed. 1986)).

Rule 19(a) states that a party shall be joined if feasible when:

(1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Defendant first contends that "complete relief" cannot be granted in this action without joining the four additional employees. Complete relief refers to relief as between the persons already parties to the action and not as between a present party and the absent party whose joinder is sought. *See* 3A *Moore's Federal Practice,* Para. 1907, at 19–93 to 19–96 (1993). The named plaintiffs in the present action would be able to obtain all the relief requested without the joinder of four additional paramedics. Defendant's assertion that all persons whose claims are identical to the plaintiffs should be joined is not within the meaning of complete relief. *See, e.g., Puyallup Indian Tribe v. Port of Tacoma,* 717 F.2d 1251, 1255 (9th Cir.1983) (a court is not required to join the state who might have a claim to the same land in a quiet title action).

In addition, defendant contends that it would be subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations if the additional paramedics are not joined. Defendant points out that this is the second time it has been sued for violations of the FLSA and that the absent paramedics could again assert claims for the same violation. Defendant's argument, though understandable, is not persuasive. The likelihood of multiple suits based on the same incident does not require a court to join unnamed parties. *See, e.g., Field v. Volkswagenwerk AG,* 626 F.2d 293 (3rd Cir. 1980). Moreover, even if there are additional suits, defendant would not be subject to inconsistent obligations. Defendant could meet its obligation to both the plaintiffs in this action and those in some future proceeding regardless of the outcome of the two suits. *See Bedel v. Thompson,* 103 F.R.D. 78 (S.D.Ohio 1984) (the possibility of a later action being inconsistent with the result of the present action does not subject a party to inconsistent obligations).

Finally, defendant argues that the public's interest against multiple litigation requires

the court to join the unnamed plaintiffs. While the court recognizes that joining the absent paramedics in this action might eliminate the possibility that there would be future litigation against this defendant that is insufficient to warrant compulsory joinder here. The court does not believe that substantial cost savings would be effected by forcing these individuals into this case. In fact, they may never sue at all. If they do, the matter will be no more complex for the parties or the court than if they were forced to participate now.

The court finds that defendant has not met its burden to show that the four absent paramedics are necessary parties or that they should be compelled to join as parties in this action. There is no sufficient justification to disturb plaintiffs' choice of parties. Defendant's motion to join, or in the alternative to dismiss (Doc. # 5), is, therefore, denied.

**IT IS SO ORDERED.**