J.G.B. ENTERPRISES, INC., Plaintiff,

v.

The UNITED STATES, Defendant.

No. 01–680 C.

United States Court of Federal Claims.

July 31, 2003.

---

Joseph P. Hornyak, Sonnenschein Nath & Rosenthal, Washington, DC, for plaintiff.

Ada E. Bosque, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, with whom on the brief were Franklin E. White, Jr., Assistant Director, David M. Cohen, Director, and Robert D. McCallum, Jr., Assistant Attorney General, for defendant.

### ORDER

MARGOLIS, Senior Judge.

Plaintiff, J.G.B. Enterprises, Inc., a subcontractor under two government contracts, brought this action seeking payment for goods it furnished pursuant to its contracts with the insolvent prime contractor, Capital City Pipes, Inc. ("Capital City"). Plaintiff alleges that it was a third-party beneficiary of the prime contracts and that, therefore, it is entitled to recover directly against defendant. This matter is currently before the Court on defendant's motion to dismiss for failure to join an indispensable party, pursuant to Rules 12(b)(7) and 19 of the Rules of the United States Court of Federal Claims ("RCFC"). Specifically, defendant asserts that, as defendant has already paid Capital City the funds to which plaintiff claims it was entitled, Capital City is a necessary and indispensable party. Defendant asserts further that, because the automatic stay in Cap-

ital City's bankruptcy action precludes its joinder to this action, this action should be dismissed.

The determination of whether Capital City is necessary and indispensable to this action under RCFC 19 requires a two-step analysis. *Brown v. United States,* 42 Fed.Cl. 538, 563 (1998). First, this Court must determine whether Capital City is "necessary" under RCFC 19(a). *Id.* "A 'necessary' party must be joined in the action if it is feasible to do so." *Id.* (citing RCFC 19(a)). "If the party cannot be joined in the action, then the court must determine 'whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable.'" *Id.* (quoting RCFC 19(b)).

A person is a necessary party to an action if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations by reason of the claimed interest.

RCFC 19(a).

Defendant argues that, because the contract payments claimed by plaintiff have already been paid to Capital City, this action would expose defendant to the possibility of "double, multiple, or otherwise inconsistent obligations" if Capital City was not joined to this action and that, therefore, Capital City is a "necessary party." Defendant also argues that, absent Capital City's joinder to this action, this Court cannot accord "complete relief" to the parties in the event of a judgment for plaintiff.

It is an "ultimate objective of this court ... to ensure that all parties required for a full, complete, fair, and just adjudication of the issues are present to assert or defend any interest in the subject matter of this

litigation." *Del–Rio Drilling Programs, Inc. v. United States,* 17 Cl.Ct. 844, 848 (1989). However, "Rule 19 does not mandate that all claims relating to an action be resolved in one proceeding." *Community Health Care Ass'n of New York v. Mahon,* 106 F.Supp.2d 523, 530 (S.D.N.Y.2000).

None of the cases that defendant cites stands for the proposition that parties to whom it may have erroneously paid funds are necessary parties to subsequent actions against the defendant by subsequent claimants to those same funds. Defendant misconstrues the reference in RCFC 19 to "double, multiple or otherwise inconsistent obligations" in a similar manner as did the defendant in *Bedel v. Thompson,* 103 F.R.D. 78 (S.D.Oh.1984). In *Bedel,* the plaintiffs filed suit against a group of defendants, alleging securities law violations in connection with the participation of those defendants in a public offering of a corporation's debt instruments. *Id.* at 79. The corporation could not be joined as defendant in that case because it had subsequently filed for bankruptcy. *Id.* The defendants in *Bedel* moved to dismiss that case for failure to join the corporation as a necessary party, arguing that if they were found liable in that case, they might not be able to recover in a subsequent action against the corporation, which would possibly result in two inconsistent obligations. *Id.* at 81. In denying the *Bedel* defendants' motion, the court held:

> A finding of liability in this action coupled with a determination by the Bankruptcy Court of no entitlement to contribution or indemnification would subject defendant Jones & Co. to but one judgment "obligation." Obviously defendant would be obliged to pay any judgment rendered against it in this action. However, a determination in the Bankruptcy Court of no liability on the part of D.H. Baldwin [debtor in the Bankruptcy Court] would impose no "obligation" on the defendant, but rather would be an adjudication concerning the obligations of D.H. Baldwin. Even though the results of the above scenario may be, to a certain extent, logically inconsistent, Rule 19 does not speak of inconsistent "results." Rather, it speaks in terms of inconsistent "obligations." As pointed out,

defendant's scenario does not result in subjecting the defendant to inconsistent obligations, but instead imposes the consequences of inconsistent results.

*Id.*

As in *Bedel,* if this Court enters judgment against the defendant in the instant case, defendant would be obliged to pay any judgment rendered against it in this action, but defendant's subsequent inability to recover from Capital City would impose no "obligation" on defendant. Assuming such a scenario, although the "results" of this action and defendant's future action against Capital City would be inconsistent, defendant would not be subject to double, multiple or otherwise inconsistent "obligations" under RCFC 19. *Id.; see also Arkwright–Boston Mfrs. Mut. Ins. Co. v. City of New York,* 762 F.2d 205, 209 (2d Cir.1985).

■ Defendant's argument that the failure to join Capital City as a necessary party would prevent the Court from according complete relief to the parties is also without merit. "[T]he term complete relief refers only 'to relief as between the persons already parties, and not as between a party and the absent person whose joinder is sought.'" *Arkwright–Boston,* 762 F.2d at 209 (quoting 3A J. MOORE, MOORE'S FEDERAL PRACTICE ¶ 19.07–1[1], at 19–96 (2d ed.1984)). While defendant may have a cognizable action against Capital City, its joinder is not necessary because this Court can accord complete relief as between plaintiff and defendant. Any claim defendant has against Capital City is separate and distinct from plaintiff's claim against defendant as an alleged third-party beneficiary. *See Fosbroke v. Emerson Coll.,* 503 F.Supp. 256, 257–58 (D.Mass.1980). A judgment for the plaintiff would not affect the rights of Capital City, nor subject defendant to risk of further litigation. *Id.*

■ In a related argument, defendant contends that Capital City is a necessary party because, absent its joinder, defendant would be exposed to the potential for double recovery. Defendant cites three cases for the proposition that the government cannot be subject to duplicate payment on a related claim: *Southern Pacific Transportation Co.*

*v. Commercial Metals Co.,* 456 U.S. 336, 351, 102 S.Ct. 1815, 72 L.Ed.2d 114 (1982); *California Canners & Growers Ass'n v. United States,* 7 Cl.Ct. 69, 94 (1984); and *Morrison–Knudsen Co. v. United States,* 184 Ct.Cl. 661, 397 F.2d 826, 844 (1968). These cases, however, do not support defendant's "double recovery" argument. Rather, defendant's cited cases support the proposition that courts should not allow a plaintiff double recovery on a single claim, which would allow plaintiff a windfall recovery in excess of its damages.

The Court finds, therefore, that Capital City is not a necessary party under RCFC 19(a). Having so found, further analysis of whether Capital City is an indispensable party under RCFC 19(b) is moot.

For the foregoing reasons, defendant's motion to dismiss for failure to join an indispensable party is DENIED.