417 F.2d 1113
 EVERGREEN PARK NURSING AND CONVALESCENT HOME, INC., Plaintiff-Appellant,
v.
AMERICAN EQUITABLE ASSURANCE CO., Commercial Union Insurance Co., Millers National Insurance Co., and The Home Insurance, Defendants-Appellees.
 No. 17402.
 United States Court of Appeals Seventh Circuit.
 November 21, 1969.
 
 Philip M. Cagen, Valparaiso, Ind., Lowell E. Enslen, Hammond, Ind., for plaintiff-appellant.
 Norman A. Miller, John W. Morrison, James T. Ferrini, Clausen, Hirsh, Miller & Gorman, Chicago, Ill., Fred H. Link, South Bend, Ind., for defendants-appellees.
 Before KILEY and FAIRCHILD, Circuit Judges, and MORGAN,[1] District Judge.
 FAIRCHILD, Circuit Judge.
 
 
 1
 Plaintiff Evergreen brought this diversity action in a federal district court in Indiana, seeking recovery on fire insurance policies issued by four insurance companies. Evergreen has claims arising out of the same fire, and seemingly identical in all significant respects, against two other insurance companies. Because the latter are deemed citizens of Indiana, as is Evergreen, they could not be joined as defendants in the diversity action. Evergreen simultaneously brought action in an Indiana court against all six companies on the same claims.
 
 
 2
 The district court dismissed the federal action because it deemed the other insurance companies indispensable parties. Evergreen appealed.
 
 
 3
 It appears from Evergreen's complaints in the two actions that each of the six companies issued a fire insurance policy covering certain property in South Bend, now owned by Evergreen. Each policy was issued to Blenke Brothers Realty Co., then the owner, and First Federal Savings & Loan Association was named as mortgagee. All policies were issued through the same insurance agency. The total amount of insurance was $130,000, but the amount of the policies varied.
 
 
 4
 Each policy provided that the issuer would not be liable for a greater proportion of any loss than the amount under that policy bears to the whole amount of fire insurance covering the property, whether collectible or not.
 
 
 5
 Evergreen alleged that the property was conveyed to it after issuance of the policies and that the agent for the companies was notified of its becoming the owner or at least, under the circumstances alleged, was chargeable with knowledge.
 
 
 6
 The principal controversy between Evergreen and all six companies appears to be whether Evergreen is entitled to recover under the policies as an insured even though it was not the owner when the policies were issued and the policies were never amended to name it as an insured. As far as the record shows, the issues of fact and law are the same with respect to each policy, and presumably all six companies are liable or else none is. There are also issues as to the extent of damage to the property and as to the presentation of proofs of loss, but it also seems probable, so far, that these issues are identical as to all six policies. If the companies are liable to Evergreen, then, once the amount of the loss is determined, the amount of recovery from each company will be readily computed.
 
 
 7
 The mortgagee is a defendant in the state court action only, and has filed a cross-complaint seeking recovery as mortgagee.
 
 
 8
 The applicable rule is Rule 19 F.R. Civ.P. The first step is to determine whether the absent companies are persons described in subdivision (a)(1)-(2) of the rule.[2]
 
 
 9
 Each of these insurance contracts creates a separate obligation, except to the extent that the amount recoverable is dependent upon the provision of coverage by the other five. It would be conceivable that plaintiff might sue separately on each. Although in each action the court would have to decide whether the other five companies provide coverage, its decision on that issue would not bind the companies not before the court, any more than its decision on the amount of loss would be binding on the others. In a closely analytical view it could be said with some logic that the absent companies do not fit either (1) or (2)(i).
 
 
 10
 The proper view, we think, is broader. The Notes of the Advisory Committee, referring to Rule 19 as amended July 1, 1966, state that (1) furthers the interests not only "of the parties, but also that of the public in avoiding repeated lawsuits on the same essential subject matter."
 
 
 11
 (2)(i) deals with prejudicial effect "as a practical matter." The Supreme Court has said this does not mean that "a court may always proceed without considering the potential effect on non-parties simply because they are not `bound' in the technical sense."[3] The Notes say: "Clause (2) (i) recognizes the importance of protecting the person whose joinder is in question against the practical prejudice to him which may arise through a disposition of the action in his absence."
 
 
 12
 Defendants have an interest in being involved in one action rather than two, and probably would be more comfortable in an action where the liability issue will be decided consistently as to all the companies.
 
 
 13
 We conclude, under (a) (1) and (2) (i) that the absent companies are persons who must be joined if it were feasible to join them. Since, however, joining them would deprive the court of jurisdiction, we must proceed to the second step, the consideration of the factors set out in (b) and the decision whether in equity and good conscience the action should proceed in their absence or should be dismissed.
 
 
 14
 The first factor is "to what extent a judgment rendered in the person's absence might be prejudicial to him or to those already parties." Although, as indicated above, proceeding might be prejudicial to the absent companies in a practical sense, this factor would not be given weight if, for instance, it would be difficult or impossible for plaintiff to join all the companies in one action.
 
 
 15
 The third factor is "whether a judgment rendered in the person's absence will be adequate." The Supreme Court, referring to "the interest of the courts and the public in complete, consistent, and efficient settlement of controversies" reads the third factor "to refer to this public stake in settling disputes by wholes, whenever possible * * *."[4] This factor weighs heavily here where it is evident that the state court action will adjudicate the entire controversy.
 
 
 16
 The fourth factor is "whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." Under the circumstances the state court action seems a superior remedy. Evergreen has not suggested any inadequacy.
 
 
 17
 Our consideration of these factors leads us to conclude that the district court properly decided to dismiss rather than proceed in the absence of the two other companies.
 
 
 18
 In a second count in its federal court complaint, Evergreen has alleged that Great Lakes Mortgage Corporation has induced the four defendant insurance companies maliciously to refuse to honor Evergreen's claims. Evergreen has made similar allegations with respect to all six companies in the state court complaint, and Great Lakes is a defendant in that action. The presence of this claim does not require a different conclusion.
 
 
 19
 The judgment appealed from is affirmed.
 
 
 
 Notes:
 
 
 [1]
 Judge Morgan is sitting by designation from the Southern District of Illinois
 
 
 [2]
 (1) is a person in whose "absence complete relief cannot be accorded among those already parties." (2) is a person who "claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest."
 
 
 [3]
 Provident Tradesmens Bank v. Patterson (1968), 390 U.S. 102, 110, 88 S.Ct. 733, 738, 19 L.Ed.2d 936
 
 
 [4]
 Provident Bank, supra, p. 111, 83 S.Ct. p. 739.