Christopher Russell WHYHAM, Administrator of the Estate of Jane Leslie Whyham, Deceased, and Christopher Russell Whyham, In His Own Right, Plaintiff,

v.

PIPER AIRCRAFT CORPORATION, Defendant.

Civ. A. No. 81–1392.

United States District Court, M.D. Pennsylvania.

Oct. 15, 1982.

Lee C. Swartz, Harrisburg, Pa., Daniel C. Cathcart, Los Angeles, Cal., for plaintiff.

McNerney, Page, Vanderlin & Hall, Ann S. Pepperman, Williamsport, Pa., for defendant.

## MEMORANDUM

HERMAN, District Judge.

This action involves the crash of a Piper Aztec airplane off the coast of Scotland on October 24, 1978. The airplane was designed and manufactured by Defendant, Piper Aircraft Corporation [hereinafter Piper], a Pennsylvania corporation, on September 28, 1971. The aircraft was certified on October 7, 1971, and, at approximately the same time, the plane was licensed to Aviation Services International, Inc. to be delivered overseas.

In November 1971, Aviation Services International, Inc. sold the plane to a buyer in Lisbon, Portugal. Apparently Piper had no further dealings or contact with the plane until notified of the accident. The complete chain of ownership, maintenance, and inspection of the plane is not known for the seven years intervening the plane's construction and the accident. The evidence does indicate, however, that at the time of the accident, Air Navigation and Trading Company Limited [hereinafter Air Navigation] owned the plane and SBV Aero Services Limited [hereinafter Aero] maintained and inspected the plane. Both Air Navigation and Aero are Scottish companies. Additionally, the plane was registered in Great Britain with the registration mark G–BEUJ at the time of the accident.

The accident occurred on October 24, 1978, over the North Sea off the coast of St. Abb's Head, Berwickshire, Scotland. Jane Leslie Whyham, the decedent who was a Scottish citizen, was the pilot of the aircraft at the time. Allegedly, the opening of the cabin door in flight caused the accident.

On October 9, 1979, Plaintiff, Christopher Russell Whyham, decedent's husband and also a Scottish citizen, filed suit in the Superior Court for the County of Los Angeles on his own behalf and as the administrator of his wife's estate. Plaintiff alleged causes of action in strict products liability and negligence. Defendant removed the action to the federal district court in California on May 23, 1980, but it was remanded on July 11, 1980. On December 2, 1980, the California court heard Defendant's motion to dismiss on the grounds of forum non conveniens, which motion was subsequently granted subject to Defendant's waiver of the statute of limitations.

Plaintiff refiled his action on February 27, 1981, in the Circuit Court of the 19th Judicial Circuit of Florida, in and for Indian River County, Florida. Defendant again moved to dismiss for forum non conveniens, which was granted without prejudice on June 25, 1981. On July 1, 1981, the parties stipulated that Defendant would not seek to dismiss the action on forum non conveniens grounds if Plaintiff would bring his action in the Court of Common Pleas, Clinton County, Pennsylvania; the United States District Court for the Middle District of

Pennsylvania; or the appropriate court of jurisdiction in England or Scotland.

Thereafter, Plaintiff filed the present action against Defendant on December 8, 1981. Plaintiff's complaint alleged causes of action in strict liability and negligence. Defendant filed its answer on December 30, 1981, denying liability and raising several affirmative defenses. Presently, three motions are pending before this court, two of which concern discovery matters. The third motion, filed April 29, 1982, concerns Defendant's motion to dismiss for failure to join indispensable parties pursuant to Rule 12(b)(7) and Rule 19 of the Federal Rules of Civil Procedure. We will address the motion to dismiss first.

Defendant contends that the present action must be dismissed because Plaintiff has failed to join indispensable parties. Plaintiff's complaint alleges, in part, that Defendant was negligent in the design, construction, and after-sale service of the Piper aircraft. Defendant argues that Air Navigation and Aero, the Scottish companies that respectively owned and maintained the plane, are necessary and indispensable to determine the issue of liability. Specifically, Defendant claims that Air Navigation and Aero could be partly liable, if not entirely liable, for damages by failing to properly maintain and inspect the plane.

Defendant's motion to dismiss is governed by the provisions of Rule 19 of the Federal Rules of Civil Procedure. The applicable part of Rule 19 states the following:

(a) *Persons to be Joined if Feasible.* A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

(b) *Determination by Court Whenever Joinder not Feasible.* If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Rule 19 was amended in 1966 to counterbalance the inequities resulting from previous rigid distinctions between "necessary" and "indispensable" parties. The rule was modified to reflect the concept that the criteria used to determine an indispensable party were not to be applied mechanically or to override compelling substantial interests. *Provident Tradesmen Bank and Trust Co. v. Patterson,* 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968); *Schutten v. Shell Oil Co.,* 421 F.2d 869 (5th Cir.1970). As the Supreme Court recognized in *Provident,* the amendment of Rule 19 did not change the principles underlying the joinder of a necessary and indispensable party. Rather, the new Rule 19 emphasized "pragmatic consid-

erations", contrary to the older version's emphasis on terms. *Provident Tradesmen Bank and Trust Co.,* 390 U.S. at 116 n. 12, 88 S.Ct. at 741 n. 12.

In *Provident* the Court held that the decision to dismiss or to proceed must be based upon practical considerations and not upon a prescribed formula. The Court eschewed the prior preoccupation with abstract classifications as against consideration of the *particular* consequences of proceeding without a necessary party. *Id.* While abstract or substantive interests were not foreclosed from consideration, they were "no longer the be all and end all of the joinder question." *Schutten,* 421 F.2d at 874.

Rule 19 is divided fundamentally into two parts. Subdivision (a) categorizes those people whose joinder is necessary or "desirable from the standpoint of complete adjudication and elimination of relitigation. If there are no procedural or jurisdictional bars to joining such a party, Rule 19 requires that he be joined." *Id.* at 873. Subdivision (b) addresses the more difficult question of whether to dismiss a lawsuit when the absent person's joinder is impossible, that person thus being regarded as indispensable. Rule 19(b) directs the court to determine whether in equity and good conscience the action should proceed or be dismissed. As acknowledged by the Fifth Circuit, "The term [indispensable] simply denotes a conclusion reached upon due consideration that the [absent] person is one who should be joined but whose joinder is impossible and that it is preferable to dismiss the case than proceed without him." *Schutten v. Shell Oil Co.,* 421 F.2d 869, 873 (5th Cir.1970).

■ Applying Rule 19's two-prong test, we look first to the provisions of 19(a) to determine whether the joinder of Air Navigation and Aero would be desirable and, thus, required. Upon our review of the record, we conclude that Air Navigation and Aero are necessary parties. Rule 19(a) sets forth three criteria that warrant a finding by the court that a person is a necessary party. Although Defendant need only establish one of these criteria, we believe that all three have been satisfied.

First, subsection 19(a)(1) declares a person to be a necessary party when in the person's absence complete relief cannot be accorded to those already parties. The goal of Rule 19(a)(1) is to protect the interests of the parties by affording complete adjudication of the dispute. Judicial economy is aided by avoiding repeated lawsuits concerning the same subject matter. *Schutten,* 421 F.2d 869; *Japan Petroleum Co. (Nigeria) Ltd. v. Ashland Oil, Inc.,* 456 F.Supp. 831 (D.Del.1978). Defendant contends that Air Navigation and Aero were negligent in the maintenance and inspection of the Piper airplane and therefore are responsible for the accident. Should Defendant succeed on this defense, a substantial possibility exists that Plaintiff will not receive any relief in this action.

We note that Plaintiff cites *Sauer v. Newhouse,* 24 F.Supp. 911 (D.C.1938) and *Wyoga Gas & Oil Corp. v. Schrack,* 27 F.Supp. 35 (S.D.N.Y.1939), to discuss the parameters of Rule 19(a)(1). First, these authorities are not binding upon us. More importantly, however, these cases discuss Rule 19 before it was amended in 1966 when the courts applied an overly mechanical and technical test. The 1966 revision altered this and gave the courts greater latitude in deciding whether to dismiss an action. *Provident Tradesmen Bank and Trust Co. v. Patterson,* 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968); *Schutten v. Shell Oil Co.,* 421 F.2d 869 (5th Cir.1970).

Moreover, even if Air Navigation and Aero are not necessary parties under the first criteria of Rule 19(a), they clearly are necessary parties under the second and third criteria. Subsection 19(a)(2)(i) provides that an absent party is necessary if the person has an interest relating to the subject matter and the disposition of the action in his absence may "as a *practical matter* impair or impede his ability to protect that interest . . . ." Fed.R.Civ.Proc. 19(a)(2)(i) (emphasis added). Subsection 19(a)(2)(ii) provides that an absent party is necessary if the person has an interest relating to the subject matter and that a

disposition in his. action *may* leave other already existing parties subject to a substantial risk of multiple or inconsistent obligations. Fed.R.Civ.Proc. 19(a)(2)(ii). We fail to see how the two Scottish companies could not be necessary to the disposition of this action under such guidelines.

First, there can be no dispute that Air Navigation and Aero are necessary parties under Rule 19(a)(2)(i). Their presence is crucial to determining the important issue of liability. They are more than key witnesses; rather, they are active participants. *Haas v. Jefferson National Bank of Miami Beach,* 442 F.2d 394, 398 (5th Cir.1971); *McDonald v. General Mills, Inc.,* 387 F.Supp. 24, 28 (E.D.Cal.1974). If the jury accepts Defendant's argument that the Scottish companies were negligent in the maintenance and inspection of the Piper aircraft, the companies will be at least partly liable for damages.

█ Admittedly, a determination of liability of the Scottish concerns in this case will not be binding on any subsequent action for indemnity or contribution against Air Navigation or Aero. It is not necessary, however, that a party be legally bound by principles of res judicata or collateral estoppel to demonstrate prejudice under Rule 19(a)(2)(i). *Schutten,* 421 F.2d at 874; *Gottlieb v. Vaicek,* 69 F.R.D. 672, 675 (N.D. Ill.1975). To require a decision to be legally binding before it is considered to impede the absent party's ability to protect himself is too analytical and is expressly rejected. *Provident Tradesmen Bank & Trust Co.,* 390 U.S. at 110, 88 S.Ct. at 738; *Evergreen Park Nursing & Convalescent Home, Inc. v. American Equitable Assurance Co.,* 417 F.2d 1113, 1115 (7th Cir.1969). Thus, we find that the disposition of Plaintiff's current action without Air Navigation's and Aero's presence may, as a practical matter, impair or impede their ability to protect their interest.

Furthermore, we find Air Navigation and Aero to be necessary parties under subsection 19(a)(2)(ii). If Plaintiff receives a favorable judgment, Defendant may be subject to a substantial risk of incurring multiple or inconsistent obligations. Defendant would have the right to seek indemnification or contribution from the two Scottish companies in an action in Scotland. This results in an unnecessary second suit. Additionally, it is conceivable that the jury might proportion liability differently or make contradictory findings of fact resulting in inconsistent obligations. Therefore, under all three criteria set forth in Rule 19, we find that Air Navigation and Aero are necessary parties.

Although the two Scottish companies are necessary parties their joinder is impossible to obtain. Consequently, we must decide whether in equity or good conscience the action at bar should continue or be dismissed. If we find that Air Navigation and Aero are indispensable under the four criteria enunciated in Rule 19(b), we must dismiss the action.

█ In reviewing Rule 19(b)'s four factors affecting indispensability, the Supreme Court has enunciated "four interests" to be considered. *Provident Tradesmen Bank & Trust Co.,* 390 U.S. at 109–110, 88 S.Ct. at 737. First, the plaintiff has an interest in selecting a forum. *Id.* at 110, 88 S.Ct. at 738; *Schutten,* 421 F.2d at 873 (5th Cir. 1970). This interest, however, must be weighed against the defendant's interest in avoiding multiple litigation, inconsistent relief, or sole responsibility for a liability shared with others. *Id.; Federal Resources Corp. v. Shoni Uranium Corp.,* 408 F.2d 875, 877–78 (10th Cir.1969).

The third interest is that of the "outsider", the absent yet necessary party. Although the absent person is not bound by the judgment, in practice the judgment could affect him. *Provident Tradesmen Bank & Trust Co.,* 390 U.S. at 110, 88 S.Ct. at 738; *Evergreen Park Nursing & Convalescent Home, Inc.,* 417 F.2d at 1115; *Bloch v. Sun Oil Corp.,* 335 F.Supp. 190, 195 (W.D. Okl.1971).

The fourth interest is that of the courts and the public in the "complete, consistent, and efficient settlement of controversies." *Provident Tradesmen Bank & Trust Co.,*

390 U.S. at 111, 88 S.Ct. at 738. The optimum solution is to have one adjudication that is binding on all interested persons. *Id.* at 108, 88 S.Ct. at 737. In fact, to settle a legal controversy in one action, and not through multiple litigation, "is the very purpose of Rule 19 and reflects the true interest of all litigants, both state and federal courts, and, indeed, the public itself." *Federal Resources Corp.,* 408 F.2d at 878.

Cognizant of these four interests, we now turn to the factors set forth in Rule 19(b) to determine whether Air Navigation and Aero are indispensable parties. The first factor is the extent to which a judgment rendered in the person's absence might be prejudicial to him or to those already parties. In this case, Defendant, Air Navigation, and Aero all risk being prejudiced.

Looking first to Defendant's interest, a judgment entered absent Air Navigation's and Aero's presence subjects Defendant to being judged solely responsible for a liability it possibly shares. *See Federal Resources Corp.,* 408 F.2d at 878. Defendant has a clear interest in having the liability issue decided consistently as to all supposed wrongdoers. *Evergreen Park Nursing & Convalescent Home, Inc.,* 417 F.2d at 1115. Without Air Navigation's and Aero's joinder, Piper cannot present its defense adequately. Moreover, Defendant may either be forced to assume full responsibility for a liability shared with the Scottish companies or to pursue a second action against the companies for indemnity or contribution. The latter alternative subjects Defendant to the unnecessary waste of time, efforts, and costs of a second proceeding. It also subjects Defendant to the possibility of inconsistent verdicts. *See Gottlieb v. Vaicek,* 69 F.R.D. 672 (N.D.Ill.1975).

In *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981), a case with facts nearly identical to this action, the Supreme Court recognized the prejudice that the defendant would suffer without the presence of additional defendants. *Reyno* also involved the crash of a Piper aircraft in Scotland. Plaintiffs filed an action in the United States District Court against the aircraft's manufacturer, Piper Aircraft Company, alleging grounds of strict liability and negligence. Although the dismissal of the action was based upon the doctrine of forum non conveniens, the findings of the Supreme Court regarding the prejudice to the defendant in being unable to implead potential third-party defendants is applicable here.

Analogous to this case, the defendant in *Reyno* argued that the companies which owned, maintained, and operated the aircraft were partly liable and that it would be prejudiced without their presence. The Supreme Court held that the district court had correctly concluded that burdensome problems existed because of the inability to implead third parties. *Id.* at 259, 102 S.Ct. at 267, 70 L.Ed.2d at 437. These problems included the aspect of multiple litigation to determine liability and the significant risk of inconsistent verdicts. *Id.* at 243, 102 S.Ct. at 259, 70 L.Ed.2d at 427–28. Moreover, there was the danger that different juries would find different facts and produce inconsistent results. *Id.* at 243, 102 S.Ct. at 259 n. 7, 70 L.Ed.2d at 428 n. 7. The Supreme Court also stated that the presence of the companies that owned and operated the plane would be crucial to the defendant's defense. The Court recognized that if the defendant could establish that the accident was not caused by a design defect but, rather, by the negligence of the other companies, the defendant would be relieved of all liability. *Id.* at 259, 102 S.Ct. at 266, 70 L.Ed.2d at 438.

These same principles were recognized in *Pain v. United Technologies Corp.,* 637 F.2d 775 (D.C.Cir.1980). In *Pain,* the plaintiff initiated an action against the designer and manufacturer of a helicopter that had crashed off the coast of Norway. In dismissing the case on forum non conveniens grounds, the circuit court held that the joinder of the helicopter owner was crucial to the defendant's defense. Similar to *Reyno* and the present action, if the defendant could establish that the accident was not caused by a design defect but was caused by the negligent maintenance or operation

of the helicopter, the defendant would be relieved of liability altogether. Additionally, although the defendant could seek indemnity in Norway, the defendant was prejudiced in presenting his defense in the first case. Also, the court noted that the foreign courts could possibly limit the amount the defendant could recover in a separate proceeding abroad. Furthermore, judicial resources would be conserved in determining liability and granting total relief in a single action. *Id.* at 790–91. *See also Pauley v. Pauley,* 58 F.R.D. 386, 387 (D.Md.1972) (the possibility of inconsistent relief or sole responsibility for a shared obligation held to be a persuasive factor in finding a party indispensable). The potential prejudices recognized by the *Pain* and *Reyno* counts undoubtedly exist in the case *sub judice* if Air Navigation and Aero are not joined as defendants.

Besides Defendants being prejudiced by Air Navigation's and Aero's absence, these Scottish companies would also be prejudiced. It is not necessary that any finding of liability on those companies' part in this action be binding to show prejudice to the absent party. *Provident Tradesmen Bank & Trust Co. v. Patterson,* 390 U.S. 102, 110, 88 S.Ct. 733, 738, 19 L.Ed.2d 936 (1968); *Schutten v. Shell Oil Co.,* 421 F.2d 869, 874 (5th Cir.1970); *Evergreen Park Nursing & Convalescent Home, Inc. v. American Equitable Assurance Co.,* 417 F.2d 1113, 1115 (7th Cir.1969). The practical prejudice exists to the absent party in the effect the case might have as precedent. *See Bloch v. Sun Oil Corp.,* 335 F.Supp. 190 (W.D.Okl. 1971). A determination in this action that Air Navigation and Aero were liable for the crash of the aircraft would, as a practical effect, prejudice any further actions taken against the two companies.

The second factor in Rule 19(b) in determining indispensability is the extent to which the prejudice can be lessened by the shaping of relief by the addition of protective provisions in the judgment. We cannot conceive, nor has Plaintiff established, any modification of a judgment which would reasonably or adequately protect Defendant, Air Navigation, or Aero from the prejudice such a judgment could generate.

The third factor addresses the issue of "whether a judgment rendered in the person's absence will be adequate." Fed.R.Civ. Proc. 19(b). The Supreme Court has interpreted this third criteria to refer to the interest of the courts and the public "in settling disputes in wholes, whenever possible ...." *Provident Tradesmen Bank & Trust Co.,* 390 U.S. at 111, 88 S.Ct. at 738. To resolve a lawsuit in a single proceeding furthers the interests not only "of the parties, but also that of the public in avoiding repeated lawsuits on the same essential subject matter." *Evergreen Park Nursing & Convalescent Home, Inc.,* 417 F.2d at 1115. The public interest in having one final adjudication of all the interested parties' rights weighs heavily in favor of Defendant. *Ranger Insurance Co. v. United Housing Of New Mexico, Inc.,* 488 F.2d 682 (5th Cir. 1974). Clearly, one dispositive action in Scotland will eliminate multiple suits concerning liability and will serve judicial economy.

■ Finally, the fourth factor in Rule 19(b)'s test of indispensability is "whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." Fed.R.Civ.Proc. 19(b). In this action, Plaintiff has an alternative remedy in Scotland, his home country. Plaintiff argues, however, that he will be prejudiced if he is forced to file suit in the United Kingdom where strict products liability is not recognized. We do not agree with Plaintiff's contentions. Although Plaintiff "may not be able to rely on a strict liability theory, and although [his] potential damage award may be smaller, there is no danger that [he] will be deprived of any remedy or treated unfairly." *Piper Aircraft Co. v. Reyno,* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).[1]

---

1. The presumption that a plaintiff's choice of forum is to be given favor applies with less force when the plaintiff is foreign. "Generally, the courts have been less solicitous when the plaintiff is not an American citizen or resident, particularly when the foreign citizens seek to

While Plaintiff is correct in his assertion that the availability of an alternative forum is not in itself sufficient to justify dismissal, *Isdaner v. Beyer,* 53 F.R.D. 4 (E.D.Pa.1971), such is not the issue in this case. From our analysis of the provisions of Rule 19(b), all four criteria direct us to a finding that Air Navigation and Aero are indispensable parties. Nor does Plaintiff's reliance on *Field v. Volkswagenwerk A.G.,* 626 F.2d 293 (3d Cir.1980), sway our finding of indispensability. *Field* can be distinguished in that the alleged indispensable party was able to be impleaded as a third-party defendant. Additionally, the court stopped its analysis upon finding that the "absent person" was not necessary to the action. Thus, the court never reached the question of indispensability.[2]

In conclusion, we have carefully considered the provisions set forth in Rule 19 and the underlying interests the rule seeks to protect in an attempt to reach an equitable and just decision. Upon a review of the record, we find that Air Navigation and Aero are necessary and indispensable parties. Due to the fact that these Scottish companies cannot be joined, we are compelled to dismiss the present action. As a result of our holding, it is not necessary to address the pending discovery motions.

An appropriate order will follow.

### ORDER
AND NOW, this 15th day of October, 1982, IT IS HEREBY ORDERED that Defendant's motion to dismiss is granted.

---

benefit from the more liberal tort rules provided for the protection of citizens and residents of the United States." *Reyno v. Piper Aircraft Co.,* 479 F.Supp. 727, 731 (M.D.Pa.1979), *affirmed* 454 U.S. 235, 102 S.Ct. 252, 70 L.Ed.2d 419 (1981).

**2.** Plaintiff also contends that Air Navigation and Aero are joint tortfeasors with Defendant and, therefore, they are permissive not indispensable parties. *Field v. Volkswagenwerk A.G.,* 626 F.2d 293 (3d Cir.1980). We do not believe that Defendant and the Scottish companies are joint tortfeasors and thus only permissive parties. To the contrary, our exhaustive review of the record and its application to the provisions of Rule 19 establish that Air Navigation and Aero are indispensable parties.