**WICONISCO CREEK WATERSHED, Plaintiff,**

v.

**KOCHER COAL COMPANY, Defendant.**

Civ. A. No. 86–0608.

United States District Court, M.D. Pennsylvania.

Aug. 19, 1986.

Motion to Amend Granted Oct. 21, 1986.

John E. Childe, Jr., Harrisburg, Pa., for plaintiff.

Stephen C. Braverman, Baskin, Flaherty, Elliott & Mannino, Philadelphia, Pa., Allen Shaffer, Millersburg, Pa., for defendant.

## MEMORANDUM

CALDWELL, District Judge.

### Introduction

Plaintiff, Wiconisco Creek Watershed Association, initiated this "citizens suit" pursuant to § 1365(a) of the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, seeking injunctive relief and the imposition of civil penalties. Plaintiff alleges that defendant, Kocher Coal Company, discharged polluted water into the Wiconisco Creek without obtaining a National Pollution Discharge Elimination System ("NPDES") permit or a State Pollution Discharge Elimination System ("SPDES") permit and in violation of the effluent limitations contained in 33 U.S.C. § 1311(a). Defendant has moved to dismiss the complaint (1) for lack of subject matter jurisdiction and (2) for failure to join an indispensable party. Defendant also moves in the alternative for an order staying this proceeding on the grounds of abstention.

### Background

Plaintiff is an association of 200 members formed for the salutary purpose of conserving and protecting the Wiconisco Creek and its adjoining watershed. Defendant is a corporation organized under the laws of the State of Pennsylvania. Since 1969, defendant has been mining anthracite coal from a site along the banks of Wiconisco Creek known as Porter Tunnel. Years of mining by defendant and other mining companies at this site have resulted in the uncontrolled discharge of polluted water into the Wiconisco Creek from Porter Tunnel. For the past several years, plaintiff has worked to eliminate these discharges.

On September 5, 1984 the Pennsylvania Department of Environmental Resources ("PaDER"), after conducting an onsite inspection of the Porter Tunnel site, issued an administrative compliance order directing defendant to begin construction of treatment facilities and treatment of the discharge within fifteen days. A superseding order was issued by the PaDER on September 14, 1984 extending the date of compliance. Defendant appealed the compliance orders to the Pennsylvania Environmental Hearing Board on October 4, 1984. The basis for the appeal was that the PaDER has assumed responsibility for constructing the treatment facilities and treating the Porter Tunnel discharge and thereby relieved defendant of any obligation concerning discharge. In support of its position, defendant relies upon the Pennsylvania Land and Water Conservation and Reclamation Act, ("LWCRA") 32 P.S. § 5101 *et seq.* (Purdon Supp.1986) which grants the PaDER authority to construct and operate water treatment plants. Defendant has also commenced an action in

the Commonwealth Court of Pennsylvania seeking to have the PaDER's obligations under the LWCRA enforced.

On April 30, 1986 plaintiff initiated the instant action under the Clean Water Act after providing the PaDER and the Environmental Protection Agency with proper notice. In response defendant filed the motion to dismiss plaintiff's complaint which is now before us.

*Discussion*

A. *Section 1365(b)(1)(B) Preclusion*

■ Defendant argues that plaintiff's action is barred by § 1365(b)(1)(B) of the Clean Water Act which provides that no citizen suit may be commenced:

> if the Administrator or State has commenced and is diligently prosecuting a civil or criminal action in a court of the United States, or a State to require compliance with the standard, limitation, or order, but in any such action in a court of the United States any citizen may intervene as a matter of right.

33 U.S.C. § 1365(b)(1)(B). Relying on this section, defendant asserts that the enforcement actions undertaken by the PaDER are the functional equivalent to an action brought in a court of the United States or a State and hence operate as a bar to plaintiff's action. Thus, the issue before us is whether the administrative action before the PaDER may be characterized as a "court" within the meaning of the Clean Water Act.

Although § 1365(b)(1)(B) only refers to courts and not to administrative agencies, the Third Circuit Court, nevertheless, has held that an administrative agency "may be a 'court' if its powers and characteristics make such a classification necessary to achieve statutory goals." *Baughman v. Bradford Coal Co. Inc.*, 592 F.2d 215, 217 (3d Cir.) *cert. denied*, 441 U.S. 961, 99 S.Ct. 2406, 60 L.Ed.2d 1066 (1979); *Student Public Interest Research Group of New Jersey, Inc. v. Fritzsche, Dodge & Olcott,*

*Inc.*, 759 F.2d 1131, 1135 (3d Cir.1985). The Court developed the following test for determining whether an agency proceeding can be characterized as a "court":

> Thus, in *Baughman,* we held that before an agency proceeding can be characterized as a "court" under the citizen suit provision, a dual inquiry must be made. The first question to be answered is whether the coercive powers that the administrative agency possesses compel compliance with effluent limitations (to determine whether the agency has "the power to accord relief which is the substantial equivalent to that available to the EPA in federal court"). The second inquiry concerns the procedural similarities the agency proceeding might have to a suit in federal court (to determine, among other things, whether citizens have a right to intervene in the agency proceeding).

*Student Public Interest,* 759 F.2d at 1137.

Applying this test, we conclude that the enforcement action before the PaDER cannot be characterized as a "court" because it does not possess the procedural safeguards afforded in federal court.[1] The PaDER enforcement process does not employ an independent decisionmaker or administrative law judge to weigh the evidence. In addition, the enforcement orders in the instant case were apparently issued without the aid of witness testimony, without a hearing and without allowing defendant to oppose the orders by presenting evidence. Furthermore, it does not appear that the public was given the opportunity to intervene in the proceedings before the PaDER. In sum, the PaDER's "enforcement action bears no procedural similiarity at all to a traditional court action." *Id.* at 1139. Thus, we conclude that plaintiff's action is not barred by § 1365(b)(1)(B).

B. *Failure to Join an Indispensable Party*

■ Defendant contends that the present action must be dismissed because

---

1. It would seem that the coercive powers of PaDER are not equivalent to those of the Environmental Protection Agency since it appears that the PaDER lacks the authority to enjoin violations by polluters. *See Baughman, supra.* at 219. However, we need not decide this point.

plaintiff has failed to join an indispensable party. Defendant maintains that the PaDER is an indispensable party to this action because it is ultimately liable for the alleged violations of the Clean Water Act. More specifically, defendant argues that responsibility for complying with the Clean Water Act rests with the PaDER, as it is obligated under state law to treat the Porter Tunnel discharge.

Defendant's motion to dismiss is governed by Rule 19(a) of the Federal Rules of Civil Procedure which provides as follows:

(a) **Persons to be Joined if Feasible.** A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and his joinder would render the venue of the action improper, he shall be dismissed from the action.

Applying the Rule 19 analysis, we conclude that the PaDER is an indispensable party to this action. Under subsection 19(a)(1), a person is an indispensable party if complete relief cannot be afforded to the parties in his absence. In *Whyham v. Piper Aircraft Corporation*, 96 F.R.D. 557 (M.D.Pa.1982), the court held that certain parties, alleged by defendant to be ultimately responsible for plaintiff's husband's death, were indispensable parties. There, plaintiff's husband was killed in a plane crash. Plaintiff brought a lawsuit against defendant, the manufacturer of the aircraft, stating causes of action in strict liability and negligence. Defendant moved to dismiss the complaint because plaintiff failed to join an indispensable party. Defendant argued that two companies which owned and maintained the aircraft were negligent in their maintenance and inspection of the airplane and thus liable of the death of plaintiff's husband. The court agreed with defendant that complete relief could not be afforded between the parties. In this regard the court noted that "[s]hould [d]efendant succeed on this defense, a substantial possibility exists that plaintiff will not receive any relief in this action." *Id.* at 560.

This analysis applies here. If defendants succeed on its defense that the PaDER is responsible for complying with the Clean Water Act, plaintiff will be denied any recovery. Thus, complete relief cannot be afforded to the parties without the presence of the PaDER.

We also conclude that the PaDER is an indispensable party under subsection 19(a)(2)(i). In accordance with that subsection, an absent party is an indispensable party (1) if the party has an interest relating to subject matter of this litigation and (2) his absence would as a practical matter impede or impair his ability to protect that interest. In the present case, it is clear that the PaDER has an interest in the subject matter of this action. Indeed, the PaDER and defendant are presently contesting the issue of responsibility for treating the Porter Tunnel discharge in the state courts. We also find that the absence of the PaDER would impair its ability to protect its interest in this case. As the court in *Whyham* stated:

Admittedly, a determination of liability of the Scottish concerns in this case will not be binding on any subsequent action for indemnity or contribution against Air Navigation or Aero. It is not necessary, however, that a party be legally bound by principles of res judicata or collateral estoppel to demonstrate prejudice under Rule 19(a)(2)(i). *Schutten [v. Shell Oil Co.],* 421 F.2d at 874; [5th Cir.1970];

*Gottlieb v. Vaicek,* 69 F.R.D. 672, 675 (N.D.Ill.1975). To require a decision to be legally binding before it is considered to impede the absent party's ability to protect himself is too analytical and is expressly rejected. *Provident Tradesmen Bank & Trust Co. [v. Patterson],* 390 U.S. [102] at 110, 88 S.Ct. [733] at 738 [19 L.Ed.2d 936 (1968)]; *Evergreen Park Nursing & Convalescent Home, Inc. v. American Equitable Assurance Co.,* 417 F.2d 1113, 1115 (7th Cir.1969). Thus, we find that the disposition of Plaintiff's current action without Air Navigation's and Aero's presence may, ·as a practical matter, impair or impede their ability to protect their interest.

*Whyham,* 96 F.R.D. at 561.

Having concluded that the PaDER is an indispensable party we will order plaintiff to join the PaDER as a party to this action. In doing so we recognize that under the Eleventh Amendment to the U.S. Constitution PaDER enjoys immunity from suit in federal court. *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 104 S.Ct. 900, 79 L.Ed.2d 67 (1983). Whether to assert this defense is a matter to be decided by PaDER upon its joinder.

Defendant has also presented an abstention argument which we need not address at this point.