Jack D. **POTTER**, Plaintiff,

v.

D.O. Dudley **BENNETT**; Cranston General Hospital; President Frederick Croft; C.E.O. Theodore Cooper; Upjohn Corporation, Defendants.

Civ. A. No. 93–0169L.

United States District Court, D. Rhode Island.

July 16, 1993.

Jack D. Potter, pro se.

Seth E. Bowerman, Hanson Curran Parks & Whitman, Providence, RI, for Bennett, Hospital and Croft.

Matthew F. Medeiros, John D. Deacon, Flanders & Medeiros, Providence, RI, for Cooper and Upjohn.

## MEMORANDUM AND ORDER

LAGUEUX, Chief Judge.

This matter is presently before the Court on defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 19(b). Defendants Dudley Bennett ("Bennett"), Cranston General Hospital ("Hospital"), and Frederick Croft ("Croft") claim that this Court does not have subject matter jurisdiction over the allegations against them because diversity of citizenship does not exist between them and plaintiff. Simultaneously, Upjohn Corporation ("Upjohn") and Upjohn's CEO, Theodore Cooper ("Cooper"), claim that the entire case should be dismissed because their co-defendants are "indispensable parties."

After reviewing all the factual materials presented by the parties, this Court concludes that it does not have subject matter jurisdiction over the claims against Bennett, Croft, and Hospital; and also that they are "indispensable parties" as defined by Rule 19(b). Therefore, defendants' motions are granted and the entire case is dismissed.

## BACKGROUND

This suit arises from the death of plaintiff's mother, Violet Potter. Plaintiff, who is pro se, claims that defendants intentionally involved Mrs. Potter in an unauthorized experiment with the drug Ansaid. Upjohn manufactures the drug. Bennett, who works for Hospital, prescribed Ansaid to Mrs. Potter over a period of one year. Plaintiff contends all the defendants conducted this experiment to study the effects of the drug upon aspirin allergic patients, like his mother. He further contends that Ansaid caused his mother's death.

Plaintiff filed a complaint with this Court claiming that the negligence of defendants led to the wrongful death of his mother. Defendants Bennett, Croft, and Hospital then filed their motion to dismiss pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, and Upjohn and Cooper filed their motion pursuant to 19(b) claiming its co-defendants are "indispensable parties." On April 24, 1993, this Court heard oral arguments on defendants' motions. At that hearing, plaintiff voluntarily dismissed his claim against Cooper, who recently died. The remaining motions are now in order for decision.

## DISCUSSION

In cases not involving federal law, complete diversity must exist between the parties in order for a district court to have subject matter jurisdiction over a case. In other words, none of the plaintiffs and defen-

dants can be citizens of the same state. 28 U.S.C. § 1332 (1992); *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806). In cases where some of the parties are diverse and others are not, district courts have the power to dismiss any non-diverse parties pursuant to Federal Rule of Civil Procedure 21[1] and proceed with the case. *Field v. Volkswagenwerk AG,* 626 F.2d 293, 296–97 (3d Cir.1980). Since plaintiff and defendants Bennett, Hospital, and Croft are all citizens of Rhode Island, this Court does not have subject matter jurisdiction over the claims against them. Therefore, the Court grants their motion to dismiss.

On the other hand, diversity exists between Upjohn, a Michigan corporation, and the Rhode Island plaintiff. Upjohn, however, argues that the claim against it cannot proceed in this Court because the non-diverse parties are "indispensable" as defined by Rule 19(b)[2]. If absent parties are indispensable, the entire action, including the allegations against the diverse party, must be dismissed. *See H.D. Corp. of Puerto Rico v. Ford Motor Co.,* 791 F.2d 987, 992 (1st Cir. 1986). In determining the indispensability of parties, district courts have considerable discretion to assess the importance and weight of all relevant factors. Thus, whether a party is indispensable largely depends upon the specific circumstances of a case. *Glenny v. American Metal Climax, Inc.,* 494 F.2d 651, 653 (10th Cir.1974); *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 118–19, 88 S.Ct. 733, 742–43, 19 L.Ed.2d 936 (1968).

The First Circuit in *H.D. Corp.* articulated four criteria to be used in determining the indispensability of a non-diverse party. First, the court must consider the extent to which the interests of the non-diverse defendant would be prejudiced by the continuation of the action against the diverse party in the federal court. *H.D. Corp.,* 791 F.2d at 992; *Whyham v. Piper Aircraft Corp.,* 96 F.R.D. 557, 562 (M.D.Pa.1982). Second, the diverse defendant's interest in avoiding multiple litigation, inconsistent relief, or sole responsibility for an alleged injury which it shares with a non-diverse defendant should be taken into account. *H.D. Corp.,* 791 F.2d. at 992. Third, the court must assess whether the state courts are "capable of resolving the controversy between the parties." *Id.* at 993. Finally, the court must determine whether plaintiff has an adequate remedy in state court. All four of these criteria support a determination that the non-diverse defendants are indispensable in this case.

First, the non-diverse defendants in this case would be prejudiced if this action were to continue. It is not necessary that a party be legally bound by principles of res judicata or collateral estoppel to demonstrate prejudice under Rule 19. *Whyham,* 96 F.R.D. at 563. As a practical matter, if there was a judgement for plaintiff in this Court, Bennett, Croft, and Hospital would be prejudiced in any future action against them. Their interests would be severely impaired in any future litigation. *See id.*

Secondly, a judgement absent the non-diverse parties will subject Upjohn to either multiple litigation or sole responsibility. Without the presence of Bennett, Croft, and Hospital, Upjohn would have to bear the entire cost of liability in this case or engage in a second action against the non-diverse defendants for contribution. The latter option exposes Upjohn to unnecessary waste of time, effort, and costs of a second proceed-

---

1. Fed.R.Civ.P. 21 states:

   Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just....

2. Fed.R.Civ.P. 19(b) provides:

   If a person ... cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgement rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgement, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgement rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

ing. *Id.* at 562. Also, a court in a future proceeding might reach different results, thus subjecting Upjohn to the possibility of inconsistent verdicts and relief. *Id.*

It is clear that the state courts have the ability to resolve this dispute, since it is essentially a negligence and wrongful death suit. This Court is satisfied based on more than 18 years of service as a Rhode Island Superior Court judge that the Rhode Island state courts are more than qualified to hear this case.

Finally, since plaintiff's claim can be resolved competently in the state courts, it follows that an adequate remedy is available to plaintiff there.

In summary, the criteria for determining the indispensability of non-diverse parties have been met. Therefore, this Court cannot proceed against Upjohn without the presence of Bennett, Croft, and Hospital. The entire case must be dismissed. Also, dismissal of the proceeding against Upjohn in this Court will further the interests of judicial economy. Absent such dismissal there could be multiple actions in two court systems on the same issue proceeding at the same time. Dismissal will encourage the filing of a single, unified case against all defendants in the same court. *See Lopez v. Shearson American Express, Inc.,* 684 F.Supp. 1144, 1149 (D.P.R.1988).

### CONCLUSION

For the foregoing reasons, the Court grants defendants' motions to dismiss. The Clerk will enter judgement for all defendants forthwith.

*It is so ordered.*