**INTERCEPT SECURITY CORPORATION,**
Plaintiff,

v.

**CODE–ALARM, INC., Defendant.**

Civ. A. No. 95–40239.

United States District Court,
E.D. Michigan,
Southern Division.

Oct. 23, 1995.

---

Kevin J. Heinl, John M. Halan, Brooks & Kushman, Southfield, MI, for Plaintiff.

John G. Chupa, Code Alarm, Inc., Madison Heights, MI, for Defendant.

### MEMORANDUM AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO ADD AN INDISPENSABLE PARTY

GADOLA, District Judge.

Plaintiff brought this suit alleging that defendant sold to plaintiff defective home security systems. Defendant moves under Fed. R.Civ.P. 12(b)(7) and 19 for dismissal of the complaint based upon a failure to join indispensable parties, i.e., the installer and final purchasers of the home security systems. For the reasons stated below, the defendant's motion will be denied.

### I. Factual Background

Defendant, a Michigan Corporation, manufactures and sells home security systems (hereinafter "systems"). Defendant sold these systems to plaintiff, a Canadian Corporation, who resold those systems in Canada to consumers (hereinafter "owners"). Plaintiff claims that the systems were defective. The systems were installed by an agent or independent contractor of the plaintiff (hereinafter "installer"). Proper operation of the security systems depends upon proper installation and maintenance of the systems, as well as properly functioning components. Defendant is claiming that any alleged malfunctioning of systems purchased from plaintiff was caused by improper installation and maintenance of those systems, not defective components. Accordingly, defendant argues that the installers and users of the security

systems must be joined for this action to proceed.

## II. Analysis

 *Defendant moves to dismiss this action*, arguing that indispensable parties have not been joined. Fed.R.Civ.P. 19 states:

(a) Persons to be Joined if Feasible. A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party....

(b) Determination by Court Whenever Joinder not Feasible. If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Thus, the court must first determine whether the persons whose joinder is requested are "necessary" under Rule 19(a). In order to be necessary, the persons must meet only one of the requirements listed in Rule 19(a). If found to be necessary, the court must then determine whether, under Rule 19(b), the persons are "indispensable," i.e., whether the present proceedings may, in good conscience, continue without the necessary persons. *United States v. Masonry Contractors Ass'n of Memphis*, 497 F.2d 871, 875 (6th Cir.1974).

 Defendant proposes several theories under which the installer and owners of the security systems are necessary parties. Defendant first claims that they are necessary because without them, complete relief cannot be accorded between those already parties. Defendant claims that he could properly be entitled to indemnification or contribution from the installer, and therefore, if defendant is found liable in the absence of the installer, it will not be given or afforded complete relief. "This contention misunderstands both Rule 19 and the nature of [joint and several liability].... The 'complete relief' provision of Rule 19 relates to those persons already parties and does not concern any subsequent relief via contribution or indemnification for which the absent party might later be responsible." *Bedel v. Thompson*, 103 F.R.D. 78, 80 (S.D.Ohio 1984) (citing *Morgan Guaranty Trust Co. of New York v. Martin*, 466 F.2d 593 (7th Cir.1972)). As in *Bedel*, the defendant's liability here may be joint and several because the defendant and the installer may be joint tortfeasors, i.e., the failure of the systems which caused plaintiff's injuries may be the result of the negligence of both the defendant and the installer combined.[1]

It has long been the rule that it is not necessary for all joint tortfeasors to be named as defendants in a single lawsuit.... The Advisory Committee Notes to Rule 19(a) explicitly state that "a tortfeasor with the usual joint-and-several lia-

---

1. It should be noted that there need not be joint and several liability for defendant's motion to fail. If there is not joint and several liability, then the defendant could only be held liable for his own negligence, not the negligence of oth- ers. Thus, there would not be any need for a hypothetical second action for contribution or indemnification. Thus, without joint and several liability, there may be complete relief accorded between those already parties.

bility is merely a permissive party to an action against another with like liability." *Temple v. Synthes Corp., Ltd.,* 498 U.S. 5, 7, 111 S.Ct. 315, 316, 112 L.Ed.2d 263 (1990); *Lynch v. Johns–Manville Sales Corp.,* 710 F.2d 1194, 1198 (6th Cir.1983). "Because there is several liability any monetary relief found due plaintiffs can be satisfied without the presence of the other defendant." *Bedel,* 103 F.R.D. at 80. Thus, complete relief as between the plaintiff and defendant can be achieved without the presence of the installer or the owners of the systems.

Defendant also argues that there cannot be complete relief between the parties because plaintiff may have claims against the installer that in some way might be hindered by this action, thus preventing plaintiff from receiving complete relief. This argument also ignores the words "between the parties" in Rule 19(a). Plaintiff may receive complete relief from this defendant, which is all that matters under Rule 19(a)(1). It is irrelevant to this analysis that plaintiff may or may not be foregoing opportunities to sue other defendants for other wrongs.

Defendant next contends that the installer and owners have an interest in the subject of the lawsuit that could, as a practical matter, be impaired or impeded by a judgment by this court in their absence. Defendant argues that the factfinder in the present action may determine that the negligence of the installer or the owners, not the defendant, caused the alleged malfunctioning of the systems and that this finding may have res judicata or collateral estoppel effect, or other negative effects, on the installer and owners because they are in contractual privity with the plaintiff.

■ In order to be cognizable under Rule 19(a)(2)(i), an interest must be "of such a nature that a final decree cannot be made without either affecting that interest, or leaving the controversy in such a condition that its final determination may be wholly inconsistent with equity and good conscience." *Schuckman v. Rubenstein,* 164 F.2d 952, 956 (6th Cir.1947). In this case, defendant has failed to show that a judgment may not be entered, in good conscience, without affecting any "interest" of the owners or installer.

■ It does not appear that res judicata or collateral estoppel would apply to either the installer or the owners, their contracts with plaintiff notwithstanding. For the absent persons to be bound by the present suit, their interests must be "sufficiently identical" to those of the plaintiff or defendant that the absent persons would be adequately protected in this suit. *See McKinney v. Alabama,* 424 U.S. 669, 675–76, 96 S.Ct. 1189, 1193–94, 47 L.Ed.2d 387 (1976); *Aerojet–General Corp. v. Askew,* 511 F.2d 710, 719 (5th Cir.), *cert. denied,* 423 U.S. 908, 96 S.Ct. 210, 46 L.Ed.2d 137 (1975) ("[A] person may be bound by a judgment even though not a party if one of the parties to the suit is so closely aligned with his interests as to be his virtual representative.") Defendant fails to show how the interests of the absent persons are sufficiently identical to those of the plaintiff for res judicata or collateral estoppel to apply. In fact, defendant, in assuming that there may be a later lawsuit between plaintiff and the absent persons, points out that their interests may be different. Further, defendant cites no case law in support of his contention that res judicata or collateral estoppel could apply to this situation. Thus, there is no indication that the absent persons would be legally bound by a judgment in this case.

The defendant relies heavily on *Whyham v. Piper Aircraft Corp.,* 96 F.R.D. 557 (M.D.Pa.1982), which, although recognizing that res judicata and collateral estoppel would not apply to absent persons who were merely potential joint tortfeasors, states that "to require a decision to be legally binding before it is considered to impede the absent party's ability to protect himself is too analytical and is expressly rejected." *Id.* at 561 (citing *Provident Bank & Trust Co. v. Patterson,* 390 U.S. 102, 110, 88 S.Ct. 733, 737, 19 L.Ed.2d 936 (1968)). The *Whyham* court concerned a suit by a foreigner against the manufacturer of a plane that had crashed abroad. The defendant argued that the owner and inspector of the plane, both foreigners, were indispensable parties. The court concluded, without explaining its reasoning, that even though the absent persons would

not legally be bound by a judgment rendered in their absence, the interests of the absent persons would, as a practical matter, be impeded by a finding that they, not the plane manufacturer, were negligent. *Id.* The court merely states that "the practical prejudice exists to the absent party in the effect the case might have as precedent." *Id.* at 563. This reasoning was rejected in *Janney Montgomery Scott v. Shepard Niles*, 11 F.3d 399, 411 (3rd Cir.1993) ("The district court erred in holding that the mere possibility that its decision in the present action would be a 'persuasive precedent' in any subsequent action against [the absent person] could, as a practical matter, impair or impede [the absent person's] interests under Rule 19(a)(2)(i)."). While *Whyham* is fairly analogous to the present case,[2] this court refuses to follow the analogy. The *Whyham* case clearly is not controlling, and, due to its lack of reasoning, this court finds it unpersuasive.[3]

More persuasive are the cases cited by the plaintiff, holding that an absent person's status as a joint tortfeasor or potential indemnitor or contributor is not sufficient to make that absent person necessary. *See Janney Montgomery Scott v. Shepard Niles*, 11 F.3d 399 (3rd Cir.1993) (holding that absent party not necessary even though potentially liable for contribution); *Nottingham v. General Am. Communications Corp.*, 811 F.2d 873, 880 (5th Cir.1987) (holding that absent person is not necessary even though potentially liable for contribution); *Temple v. Synthes Corp., Ltd.*, 498 U.S. 5, 7, 111 S.Ct. 315, 316, 112 L.Ed.2d 263 (1990) (holding that absent joint tortfeasor not necessary party). *Pujol v. Shearson/American Express, Inc.*, 877 F.2d 132 (1st Cir.1989) (Breyer, J.), states:

The mere fact … that Party A, in a suit against Party B, intends to introduce evidence that will indicate that a non-party, C, behaved improperly does not, by itself, make C a necessary party. Given the vast range of potential insults and allegations of impropriety that may be directed at non-parties in civil litigation, a contrary view would greatly expand the universe of Rule 19(a) necessary parties. It is therefore not surprising that cases interpreting Rule 19 consistently hold that such "slandered outsiders" need not be joined.

*Id.* at 136.

■ While it is true that, under *Provident Bank*, a determination that an absent party will not be bound under res judicata or collateral estoppel does not preclude a finding that the absent party is indispensable, the defendant still must demonstrate that a legally protected interest of the absent person will be impeded. *See, e.g.,* 3A *Moore's Federal Practice,* ¶ 19.07[2.–0], at 19–99 (2d Ed.1995). Defendant has failed to explain how the absent persons here have a legally protected interest in this case that could be harmed, legally or otherwise, by a judgment in their absence. Defendant has offered no support for his suggestion that the installer or owners, if not joined, could be limited in their ability either to bring a lawsuit against the plaintiff or defendant, or to defend themselves against a lawsuit by the defendant or plaintiff. Further, the cases cited by defendant, such as *Haas v. Jefferson Nat'l Bank of Miami Beach,* 442 F.2d 394 (5th Cir.1971), involving an absent persons inability to protect his property interest which is the subject of a suit are clearly inapposite; the absent persons in this case do not possess a property interest, such as part ownership of stocks

2. Although one difference to be noted is the number of alleged indispensable parties. In *Whyham*, only the owner and inspector of the plane were found to be indispensable. Under the defendant's theory, however, hundreds of owners of the systems would become indispensable parties. Were that the case, it would be difficult to see how the plaintiff's suit could ever be brought in any jurisdiction.

3. It should be noted that other courts· have ruled differently than *Whyham* on similar facts. In *Atlantic Aero, Inc. v. Cessna Aircraft Co.,* 93 F.R.D. 333 (M.D.N.C.1981), the plaintiff claimed

that his plane crashed as a result of the defendant's faulty parts. The defendant argued that the pilot of the plane was an indispensable party because the pilot's suit against the defendant might be impeded by a finding that the pilot caused the crash. Unlike, *Whyham*, the *Atlantic* court held that the pilot was not necessary under 19(a), in part because (1) Atlantic's suit would have no preclusive effect on the pilot's suit and (2) the pilot had no suitable "interest" in Atlantic's suit, although defendant would claim that pilot error caused the crash.

or entitlement to a limited fund, like in those cases. The absent parties in this case appear, at most, to be "slandered outsiders" that are not necessary under *Pujol.*

Lastly, defendant contends that the absent persons' interests in the present suit will leave the defendant subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. Defendant argues that the factfinder in the present case may apportion liability between the defendant and the absent persons differently than a factfinder in a separate suit for contribution. This would, according to defendant, subject him to double, multiple, or otherwise inconsistent obligations under Rule 19(a). It is true that "the defendant may properly wish to avoid multiple litigation, or inconsistent relief, or sole responsibility he shares with another." *Provident Bank,* 390 U.S. at 110, 88 S.Ct. at 737. Nonetheless, it takes more than the threat of such a situation to make a person necessary under Rule 19(a)(2)(ii). *Janney,* 11 F.3d at 411–12; *Field v. Volkswagenwerk AG,* 626 F.2d 293, 302 (3rd Cir.1980); *Bedel,* 103 F.R.D. at 81. *But see Whyham,* 96 F.R.D. at 561. *Janney* states:

> the possibility that [defendant] may bear the whole loss if it is found liable is not the equivalent of double liability. It is instead a common result of joint and several liability and should not be equated with prejudice. Inherent in the concept of joint and several liability is the right of a plaintiff to satisfy its whole judgment by execution against any one of the multiple defendants who are liable to him, thereby forcing the debtor who has paid the whole debt to protect itself by an action for contribution against the other joint obligors.

*Janney,* 11 F.3d at 412. *Bedel,* referring to a different apportionment of liability by a second factfinder in a suit for contribution, states:

> [A] determination in the [suit for contribution] of no liability on the part of [the absent person] would impose no "obligation" on the defendant, but rather would be an adjudication concerning the obligations of [the absent person]. Even though the results of the above scenario

might be, to a certain extent, logically inconsistent, Rule 19 does not speak of inconsistent "results." Rather, it speaks of inconsistent "obligations."

*Bedel,* 103 F.R.D. at 81. Thus, while defendant may be subject to inconsistent judgments, it will not be subject to a substantial risk of double, multiple, or inconsistent obligations, as those terms are used in Rule 19(a)(2)(ii).

Therefore, defendant has failed to demonstrate that the owners or installer of the systems are necessary parties under Rule 19(a). Accordingly, it is unnecessary to consider whether they are indispensable under Rule 19(b).

### ORDER

Therefore, it is hereby **ORDERED** that defendant's motion to dismiss for failure to add an indispensable party pursuant to Fed. R.Civ.P. 12(b)(7) and 19 be **DENIED.**

**SO ORDERED.**