**WICONISCO CREEK WATERSHED, ASSOCIATION, Plaintiff,**

v.

**KOCHER COAL COMPANY, Defendant.**

Civ. A. No. 86–0608.

United States District Court, M.D. Pennsylvania.

Oct. 21, 1986.

John E. Childe, Jr., Harrisburg, Pa., for plaintiff.

Allen Shaffer, Millersburg, Pa., Stephen C. Braverman, Charles E. Gutshall, Baskin, Flaherty, Elliott & Mannino, P.C., Philadelphia, Pa., for defendant.

## MEMORANDUM

CALDWELL, District Judge.

Pursuant to Fed.R.Civ.P. 59(e), plaintiff, Wiconisco Creek Watershed Association, has filed a motion to alter or amend our memorandum and order of August 19, 1986. 641 F.Supp. 712. The motion is addressed to our sound discretion. *See Quality Prefabrication, Inc. v. Daniel J. Keating Co.,* 675 F.2d 77 (3d Cir.1982); *Florencio Roman, Inc. v. Puerto Rico Maritime Shipping Authority,* 454 F.Supp. 521 (D.P.R.1978). For the reasons which follow, we will grant plaintiff's motion.

The relevant facts have already been set forth in our previous memorandum. There we concluded that the Pennsylvania Department of Environmental Resources ("PaDER") was an indispensable party in accordance with Fed.R.Civ.P. 19. The basis for that conclusion was defendant's assertion that the PaDER was the party ultimately responsible for complying with the Clean Water Act, 33 U.S.C. § 1251 *et seq.* as it had agreed to construct a water treatment facility for defendant's mine drainage discharge. Plaintiff, however, did not have an opportunity to respond to defendant's position that the PaDER is the party responsible for complying with the Clean Water Act because it was raised in defendant's reply brief. Plaintiff maintains that defendant's responsibility for complying with the Clean Water Act as a discharger of pollutant is absolute and unconditional and thus the fact that the PaDER has obligated itself to treat defendant's discharge is not a valid defense. After consideration of this contention we conclude that it has merit.

The Clean Water Act provides that "the discharge of any pollutant by any person shall be unlawful." 33 U.S.C. § 1311(a). An exception to this section exists for discharges made pursuant to a National Pollutant Discharge Elimination System ("NPDES") permit. *See* 33 U.S.C. § 1342. The Clean Water Act's "requirement that all discharges covered by statute must have a NPDES permit, 'is unconditional and absolute. *Any discharge except pursuant to a permit is illegal.*'" *United States v. Tom-Kat Development, Inc.,* 614 F.Supp. 613, 614 (D.Alaska 1985) (quoting *Kitlutsisti v. Arco Alaska, Inc.,* 592 F.Supp. 832, 839 (D.Alaska 1984)). Furthermore, the provisions of the Clean Water Act "were written without regard to intentionality ... making the person responsible for the discharge of any pollutant strictly liable." *United States v. Earth Sciences, Inc.,* 599 F.2d 368, 374 (10th Cir. 1979); *Student Public Interest Research Group of New Jersey, Inc. v. Tenneco Polymers, Inc.,* 602 F.Supp. 1394 (D.N.J. 1985).

▇▇▇ In the present case, defendant has been discharging mine acid drainage into the Wiconisco Creek since approximately 1964. As a discharger of pollutants, the Clean Water Act imposes upon defendant and not the PaDER the unconditional responsibility for obtaining a NPDES permit and complying with the conditions of that permit. Thus, defendant cannot escape liability for failing to satisfy those responsibilities by asserting that the PaDER is the party charged with the duty of complying with the Clean Water Act. It would clearly frustrate the purpose of the Act to allow defendant to discharge pollutants into the Wiconisco Creek merely because the PaDER has agreed to build a facility to treat defendant's discharge. Had PaDER constructed a water treatment facility and begun discharging pollutants into the Wiconisco Creek, then we would be more inclined to agree with defendant, but that is not the case. Having reached this conclusion, we no longer find that the PaDER is an indispensable party within the meaning of Fed.R.Civ.P. 19, and we will withdraw our order of August 19, 1986.

▇▇▇ We will now briefly consider the abstention argument raised by defendant in its motion to dismiss. Relying on *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976); *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943); and *Middlesex County Ethics Comm. v. Garden State Bar Asso-*

*ciation,* 457 U.S. 423, 102 S.Ct. 2515, 73 L.Ed.2d 116 (1982), defendants argue that we should either dismiss or stay this action under the doctrine of abstention. Defendants maintain essentially that the exercise of federal jurisdiction would substantially interfere with ongoing proceedings in the state courts.[1] We point out initially that the abstention doctrine "represents an extraordinary and narrow exception to the 'virtually unflagging obligation of the federal courts to exercise the jurisdiction given them.'" *Kentucky West Virginia Gas Co. v. Pennsylvania Public Utility Comm.,* 791 F.2d 1111, 1114 (3d Cir.1986) (quoting *Colorado River Water Conservation District v. United States,* 424 U.S. 800, 817, 96 S.Ct. 1236, 1246, 47 L.Ed.2d 483, 498 (1976)). Defendant's argument is based upon its assertion that its liability under the Clean Water Act is entirely dependent upon whether the PaDER is legally required to treat its discharge. As the foregoing discussion indicates, this assertion is without merit. Moreover, we have noted that the federal and state actions are unrelated. The state actions concern only the PaDER's obligation to construct a water treatment facility and will not touch on the issue of defendant's liability under the Clean Water Act. In sum, plaintiff's cause of action involves only the application and interpretation of federal law, and therefore our continued jurisdiction over this matter cannot be viewed as an interference with an important state interest.

An appropriate order will be issued.

### ORDER

AND NOW, this 21st day of October, 1986, it is ordered that:

1) Plaintiff's motion for reconsideration is granted.

2) Our order of August 19, 1986 directing plaintiff to join the Pennsylvania Department of Environmental Resources as a party to this action is hereby withdrawn.

3) Defendant's motion to dismiss is denied.

---

[1] The state court proceedings consist of an appeal taken by defendant before the Environmental Hearing Board and defendant's complaint before the Commonwealth Court. These actions concern the PaDER's obligation to build the water treatment facility sought by defendants.