**Daniel BIHARI, individually and on behalf of all others similarly situated, Plaintiff,**

v.

**DDJ CAPITAL MANAGEMENT, LLC, a foreign business entity; Randy N. McCullough, an individual; Steve Wiser, an individual; Bill Hanosh, an individual; David B. Barr, an individual; and Does 1–20, inclusive, Defendants.**

**Civ. No. S–03–1789 GEB GGH.**

United States District Court, E.D. California.

Jan. 29, 2004.

Matthew Righetti, Righetti Wynne, San Francisco, CA, Kelly McInerney, McInerney and Jones, Reno, NV, for plaintiff.

Charlotte Addington, Kauff McClain and McGuire, San Francisco, CA, Robert H. Buckler, Pro Hac Vice, Evan H. Pontz, Pro Hac Vice, Theresa E. Yelton, Pro Hac Vice, Troutman Sanders LLP, Atlanta, GA, for defendants.

---

### ORDER *

BURRELL, District Judge.

On June 20, 2003, Plaintiff filed a complaint against Samuels Jewelers, Inc. and twenty Doe defendants ("First Action Complaint"). This action was removed to federal court, and given action number Civ. S–03–1601 WBS KJM. The First Action Complaint alleges: "The Plaintiff Daniel Bihari is a former employee of Samuels Jewelers. Bihari began working for Samuels Jewelers at their Sunrise store as an hourly, non-exempt sales associate in approximately November, 1999 .... Bihari left Samuels Jewelers in approximately October, 2002." (First Action Complaint at 4.) The First Action Complaint alleges Plaintiff was not com-

pensated for overtime work at Samuels Jewelers. (*Id.* at 5.)

While that action was pending, Samuels Jewelers, Inc. filed a bankruptcy petition, resulting in a stay of the action. Plaintiff then filed a new complaint in federal court ("Second Action Complaint"), initiating the present action against certain shareholders, directors and officers of Samuels Jewelers, Inc. The Second Action Complaint alleges: "The Plaintiff Daniel Bihari is a former employee of defendants who began working at the Samuels Jewelers store in Sunrise, Sacramento as an hourly, non-exempt sales associate in approximately November, 1999.... Bihari left Samuels Jewelers in approximately October, 2002." (Second Action Complaint at 6.) The Second Action Complaint alleges Plaintiff was not compensated for overtime work at Samuels Jewelers. (*Id.* at 7.)

The First Action Complaint alleges the following about its Doe Defendants:

> Plaintiff is informed and believes, and thereon alleges, that these defendants, DOES 1 through 20, are in some manner or capacity, and to some degree, legally responsible and liable for the wrongs of which plaintiff complains. Plaintiff will amend his complaint to allege the true names and capacities of these DOE defendants once they are ascertained. On information and belief, plaintiff makes all allegations contained in this complaint against all defendants, including DOES 1 through 20, inclusive.

(First Action Complaint at 4.) The Defendants in the second action are alleged to be "legally responsible and liable for the wrongs of which plaintiff complains." (*Id.*) These Defendants are therefore identical

---

\* The judge directed his Judicial Assistant to provide a copy of this Order to the parties via facsimile transmission no later than 11:45 a.m. on January 29, 2004, so that they know the scheduling conference calendared for Monday, February 2, 2004, is vacated. No party is authorized to fax anything to the chambers' fax number without receiving the express approval of the judge.

to the Doe defendants referenced in the First Action Complaint. Presumably, Plaintiff has not sought leave to amend the First Action Complaint to name these Defendants as Doe defendants because that action is currently stayed.

Plaintiff filed a Status Report in the second action on December 8, 2003, stating "this case is not strictly related to any other case pending in this district, but does share some similarities to *Bihari v. Samuels Jewelers, Inc.*, which was originally filed in state court in Sacramento but removed by defendants to this district (Case No. 03–1601 WBS KJM)." Because of this statement, an Order issued on December 18, 2003, requiring Plaintiff to comply with Eastern District Local Rule 82–123 by filing a notice of related cases document in each action. On January 5, 2005, Plaintiff filed a terse "Notice of Related Case" document in each action which contained a one sentence statement that the cases "appear[ ] related." On January 9, 2004, a nonrelated case order issued.

On January 20, 2004, a second status report was filed in the second action, which contained the statement: "Defendants intend to file a Notice of Related Claims to provide the court with additional facts [not provided by Plaintiff] showing that the two lawsuits are practically identical and that the instant lawsuit is subsumed by the previous lawsuit such that these two lawsuits should be designated related. . . ." Subsequently, on January 26, 2004, Defendants filed a "Notice of Related Cases" document in which they state the second action "is virtually identical to and subsumed by the earlier filed Samuels Lawsuit." (Notice of Related Cases at 2.)

Review of the complaints evidences that Plaintiff's filing of the Second Action Complaint is an attempt to avoid the stay issued in the first action. Plaintiff lacks authority to file the Second Action Complaint in light of the stay.

The automatic stay is one of the fundamental debtor protections provided by the bankruptcy laws. It gives the debtor a breathing spell from his or her creditors. *It stops all collection efforts, all harassment, and all foreclosure actions.* It permits the debtor to attempt a repayment or reorganization plan, or simply to be relieved of the financial pressures that drove him into bankruptcy.

*Schwartz v. United States (In re Schwartz)*, 954 F.2d 569, 571 (9th Cir.1992) (quoting H.R.Rep. No. 595, 95th Cong., 1st Sess. 340 (1978), U.S.Code Cong. & Admin.News 1978, pp. 5963, 6296–97 (emphasis in original)). Allowing this action to proceed would defeat the purpose of the stay. Since Plaintiff alleges he was not paid for overtime work at the Samuels Jewelers store, Samuels Jewelers, Inc. will necessarily be a major participant in the second action.

Because "there is such identity between the debtor and [Defendants] that the debtor may be said to be the real party defendant and that a judgment against [Defendants] will in effect be a judgment or finding against the debtor," Plaintiff's filing of the Second Action Complaint violated the stay of the first action. *See A.H. Robins Co., Inc. v. Piccinin (In re A.H. Robins Co., Inc.)*, 788 F.2d 994, 999 (4th Cir.1986) (holding that lawsuits against debtor's corporate officers concerning the debtor's product were subject to a stay because the officers could seek indemnification from the debtor).[1]

---

1. Although the Ninth Circuit has not decided whether to adopt the rule in *A.H. Robins,* that rule has been applied by several lower courts within this circuit. *See Chugach Forest Prod., Inc. v. N. Stevedoring & Handling Corp. (In re*

"The law in this circuit is that violations of the stay are void...." *In re Schwartz,* 954 F.2d at 574. Since Plaintiff's filing of the Second Action Complaint violated the stay, that filing is void and this action is dismissed. The dismissal is with prejudice to any attempt by Plaintiff to amend his complaint in this action, but without prejudice to his pursuit of his claims in the bankruptcy litigation or in action number Civ. S–03–1601 WBS KJM. *Cf. Sambo's Restaurants, Inc. v. Wheeler (In re Sambo's Restaurants, Inc.),* 754 F.2d 811, 812 (9th Cir.1985) (noting that the district court had dismissed a complaint filed in violation of automatic stay without prejudice to plaintiff's pursuit of the claim before the bankruptcy court).

Because the Bankruptcy Judge may be interested in this ruling, the Clerk's Office is directed to send to the United States Bankruptcy Court for the District of Delaware copies of the following documents filed in action number Civ. S–03–1789 GEB GGH: (1) this Order; (2) the Complaint filed August 28, 2004 (docket number 1); and, (3) Plaintiff's Status Report filed December 8, 2003 (docket number 6).[2] The bankruptcy case is number 03–12399 MFW. The Clerk's Office is directed to close this action.

IT IS SO ORDERED.

*Chugach Forest Prod., Inc.),* 23 F.3d 241, 247 (9th Cir.1994).

**2.** Page Seven of the Status Report reveals Plaintiff's knowledge of the stay.