**Dennis DEWITT, Diallo Sturrup, Ian Chance, Glenn Lovejoy, and Jeff Christowski, on behalf of themselves and all others similarly situated, Plaintiffs,**

v.

**Seth A. DALEY, individually, Defendant.**

No. 0561418CV.

United States District Court, S.D. Florida.

Jan. 13, 2006.

Michael Anthony Pancier, Fort Lauderdale, FL, for plaintiffs.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS

UNGARO–BENAGES, District Judge.

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss or, Alternatively, Motion to Stay Proceedings, filed October 20, 2005. Plaintiffs filed their response on November 4, 2005 to which Defendant replied on November 14, 2005. The matter is ripe for disposition.

THE COURT has considered the motion and the pertinent portions of the record and is otherwise fully advised in the premises.

By way of background, Defendant hired Plaintiffs to work at the Baja Beach Club ("BBC") during spring break season of 2005. (Compl. ¶ 13.) Plaintiffs, Dewitt, Chance and Sturrup worked as drivers and promoters at the rate of $10.00 per hour. *Id.* ¶ 14. Plaintiffs. Christowski and Lovejoy worked as bartenders at a rate of $5.00 per hour plus tips. *Id.* ¶ 15. All of the Plaintiffs worked from February 2005 up until BBC's closing during the middle of March 2005. *Id.* ¶¶ 16, 19. On April 7,

**554**

2005, in a state court case between members of BBC, Judge Rosenberg entered an order appointing a receiver for BBC ("Receivership Order").[1] (Def.'s Mot. Ex. A.) The Receivership Order appointed Alan Dagen as receiver, granting him authority to take possession of all property, receivables and bank accounts of BBC. The Receivership Order also gave him the power, among other things, to pay BBC's obligations in a commercially reasonable manner. On April 18, 2005 BBC filed for bankruptcy under Chapter 7 of Bankruptcy Code, Case No. 05–22228–BKC–RBR.

On August 23, 2005, Plaintiffs filed a three count complaint against Defendant alleging overtime and minimum wage violations pursuant to 29 U.S.C. §§ 206, 207 and a statutory class action under 29 U.S.C. § 216(b). Specifically, Plaintiffs allege that Defendant failed to pay them overtime compensation despite working between sixty and ninety hours per week. *Id.* ¶ 18. Plaintiffs also allege that Defendant failed to pay them any compensation for the last two weeks of their employment at BBC. Defendant has moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(7) for the failure to join an indispensable party under Rule 19. Defendant asserts that either BBC, the Receiver, or the U.S. Trustee appointed in the bankruptcy proceedings are necessary and indispensable parties. Alternatively, Defendant moves the Court to dismiss or stay the proceedings pursuant to the automatic stay provisions of the Bankruptcy Code, 11 U.S.C. § 362.

**1.** Under the "incorporation by reference" doctrine outlined in *Horsley v. Feldt,* 304 F.3d 1125 (11th Cir.2002), "a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment ... if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." *Id.* at 1134. "Undisputed" means that the authenticity of the document is not challenged. *Id.* (citations

*ANALYSIS*

On a motion to dismiss the Court must view the complaint in the light most favorable to the plaintiff, *Jenkins v. McKeithen,* 395 U.S. 411, 421–22, 89 S.Ct. 1843, 23 L.Ed.2d 404 (1969), and may only grant the motion where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which could entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Brooks v. Blue Cross and Blue Shield of Florida, Inc.,* 116 F.3d 1364, 1369 (11th Cir.1997). *See also* Fed. R. Civ. Pro. 8(a) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief."). Moreover, the Court must, "at this stage of the litigation, ... accept [the plaintiff's] allegations as true." *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). *See also Brooks,* 116 F.3d at 1369. Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *Marshall County Bd. of Educ. v. Marshall County Gas Dist.,* 992 F.2d 1171, 1174 (11th Cir.1993).

Rule 19(a) states:

[a] person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already

omitted). Here, the Receivership Order is central to Plaintiff's claim in that the Court must determine its impact before the litigation can continue. Additionally, Plaintiff does not challenge its authenticity as the document is part of the Seventeenth Judicial Circuit court record. Accordingly, the Court need not convert Defendant's motion to dismiss into one for summary judgment.

parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. If the person has not been so joined, the court shall order that the person be made a party. If the person should join as a plaintiff but refuses to do so, the person may be made a defendant, or, in a proper case, an involuntary plaintiff. If the joined party objects to venue and joinder of that party would render the venue of the action improper, that party shall be dismissed from the action.

Rule 19(b) states:

If a person as described in subdivision (a)(1)-(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Rule 19 contemplates a two-part test for determining whether a party is indispensable. *Focus on the Family v. Pinellas Suncoast Transit Authority,* 344 F.3d 1263, 1279 (11th Cir.2003). First the court must decide, under the standard articulated in Rule 19(a), whether the party at issue is one who should be joined if feasible. *Id.* at 1280. If this question is answered in the negative, no further analysis is needed and the litigation continues. If the court concludes that the party is necessary under 19(a) but cannot be joined, it must then ascertain, applying the factors in Rule 19(b), whether the party is indispensable or if the litigation may continue in that party's absence. *Id.*

Defendant argues that BBC, the Receiver, and the U.S. Trustee of BBC are necessary and indispensable parties under Rule 19. Specifically, Defendant claims under Rule 19(a) that the Receiver and/or the U.S. Trustee claim an interest in the action against Defendant, because if this action were to proceed in their absence, BBC is jointly and severally liable to Plaintiffs and Defendant could be subjected to a judgment in the full amount claimed by Plaintiffs without being able to obtain contribution or indemnification from BBC. Plaintiffs respond that, because joint and several liability exists under the FLSA and because Defendant is an employer within the meaning of 29 U.S.C. § 203(d), complete relief can be accorded from Defendant without the joinder of BBC.[2] Both parties agree that joinder of BBC is not feasible because of the automatic stay provisions in 11 U.S.C. § 362. Therefore, the first question is whether BBC, the Receiver and/or the U.S. Trustee should be joined under 19(a).

---

**2.** Plaintiffs only address Defendant's argument with respect to BBC and do not explain why the Receiver and/or the U.S. Trustee are not necessary and indispensable parties under Rule 19.

The law is clear in the Eleventh Circuit that " 'a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation, jointly and severally liable under the FLSA for unpaid wages.' " *Patel v. Wargo*, 803 F.2d 632, 637–38 (11th Cir. 1986) (quoting *Donovan v. Agnew*, 712 F.2d 1509, 1511 (1st Cir.1983)). Plaintiffs allege in their complaint that Defendant, as the manager, had operational control over BBC and acted in the furtherance of BBC's interests. This allegation is sufficient to state a claim against Defendant individually.

Because Plaintiffs have stated a claim against Defendant individually, BBC is not a necessary party that should be joined under 19(a). As stated *supra,* the FLSA provides for joint and several liability. Therefore, Plaintiffs can obtain complete relief from Defendant without making BBC a party to the case. The fact that Defendant may then have a claim for indemnification against BBC is of no consequence. The "complete relief" provision of 19(a) "does not concern any subsequent relief via contribution or indemnification for which the absent party might later be responsible." *Bedel v. Thompson*, 103 F.R.D. 78, 80 (S.D.Ohio 1984) (citing *Morgan Guaranty Trust Co. of New York v. Martin,* 466 F.2d 593 (7th Cir.1972)); *See also Pasco Intern. (London) Ltd. v. Stenograph Corp.,* 637 F.2d 496, 504 (7th Cir. 1980). Therefore, the Court concludes that BBC is not a party who should be joined under Rule 19(a).

The Court reaches the same conclusion with respect to the Receiver and the U.S. Trustee. Defendant does nothing more than parrot the language of 19(a) in support of his argument. He claims that Defendant may be subject to double, multiple, or otherwise inconsistent obligations by reason of the Receiver's and the U.S. Trustee's interests. However, he makes no attempt to explain how the Receiver or the U.S. Trustee have any interest in an action by Plaintiffs against Defendant in his *individual* capacity. Furthermore, even if Defendant had explained the Receiver's or the U.S. Trustee's interest, Defendant fails to demonstrate with any specificity how Defendant will be placed at a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations" by reason of such interest. F.R.C.P 19(a). Consequently, Defendant has failed to carry its burden demonstrating that the Receiver and/or the U.S. Trustee should be joined under 19(a). *Ship Const. & Funding Services (USA), Inc. v. Star Cruises PLC,* 174 F.Supp.2d 1320, 1325 (S.D.Fla. 2001). Because the Court finds that neither BBC, the Receiver nor the U.S. Trustee should be joined under 19(a), it need not determine whether those parties would be indispensable under 19(b). *See Focus on the Family,* 344 F.3d at 1279.

In the alternative, Defendant argues that the case should be dismissed because suit against Defendant violates the Bankruptcy Code's automatic stay provision, 11 U.S.C. § 362. Section 362 states that an application for bankruptcy "operates as a stay, applicable to all entities of— . . . the commencement . . . of a judicial . . . action or proceeding against the *debtor* . . . ." 11 U.S.C. § 362(a)(1) (emphasis added). There is no dispute that Defendant is not a debtor who has filed for bankruptcy and the case law is clear that extending a stay to non-bankrupt co-defendants is done rarely, justified only in " 'unusual circumstances.' " *Parry v. Mohawk Motors of Mich., Inc.,* 236 F.3d 299, 314 (6th Cir.2000) (quoting *In re Eagle–Picher Indus., Inc.,* 963 F.2d 855, 861 (6th Cir. 1992)); *See also Lukas, Nace, Gutierrez & Sachs., Chartered v. Havens,* 245 B.R. 180 (D.D.C.2000) (holding that automatic stay

did not protect corporate defendant's principal who was not himself a bankruptcy debtor). Defendant's reliance on *Bihari v. DDJ Capital Management, LLC,* 306 B.R. 336 (E.D.Cal.2004) and *A.H. Robins Co. v. Piccinin,* 788 F.2d 994 (4th Cir.1986) is misplaced. As an initial matter, those cases dealt with a debtor who had filed for Chapter 11 reorganization whereas here BBC has filed for Chapter 7 liquidation. More importantly though, the cases were based on the fact that the debtor and non-debtor shared such an identity "that the debtor may be said to be the real party defendant and that a judgment against the ... defendant will in effect be a judgment or finding against the debtor." *Robins,* 788 F.2d at 999. Although not mentioned by Defendant, the court in *Robins* reaffirmed the refusal to grant a stay to a non-debtor "where the debtor and [the non-debtor] are joint tortfeasors or where the non-debtor's liability rests upon his own breach of duty." *Id.* Again, because the FLSA provides for joint and several liability between both a corporation and a corporate officer with operational control of a corporation's covered enterprise, it cannot be said that BBC is the real party at interest in this case to come within the exception outlined in *Robins.* In short, Defendant has failed to convincingly demonstrate to this Court what "unusual circumstances" exist in this case which would warrant extending § 362's stay provision to Defendant, a non-debtor. Accordingly, it is hereby

ORDERED AND ADJUDGED that Defendant's Motion is DENIED.